R. H. OWEN, *Plaintiff in Error*, v. THE STATE OF FLORIDA, *Defendant in Error*.

1. Writs of error are issued as of right upon demand, and when taken in criminal cases, may under the rules of the court be voluntarily dismissed for the purpose of facilitating the administration of justice, but they may not be dismissed when the apparent purpose is to delay a review of the case and thereby violate the mandate of the constitution that "right and justice shall be administered without * * * delay."

2. Where a transcript of the record proper in a criminal case has been brought to this court on writ of error, taken by a convicted defendant, and it is made to appear that no bill of exceptions was made up and authenticated in the cause, and that the process of the court will be used to in effect violate the mandate of the constitution that "right and justice shall be administered without * * * delay," an application by the plaintiff in error to dismiss the writ of error will be denied; and upon a motion of the Attorney General acting for the State, for an affirmance of the judgment, if on a careful consideration of the transcript of the record proper brought here in response to the writ of error no errors appear in the record of the indictment, arraignment, trial and conviction of the accused, the judgment will be affirmed.

This case was decided by the court En Banc.

Writ of Error to the Circuit Court for Alachua County.

The facts in the case are stated in the opinion of the court.

· W. S. *Broome* and W. E. *Baker,* for Plaintiff in Error.

*Park Trammell,* Attorney General, for the State.

WHITFIELD, C. J.—R. H. Owen and Mattie Owen were jointly indicted in the Circuit Court for Alachua County charged with the crime of murder. Both were arraigned in open court and entered pleas of not guilty. A severance was granted. The plaintiff in Error was convicted of murder in the first degree without recommendation to mercy, at a trial in which the record shows he was personally present. The judgment sentencing the defendant R. H. Owen to be hanged was entered March 31, 1909.

On July 22, 1909, upon praecipe of council for the defendant, a writ of error was issued in the cause returnable October 19, 1909. A transcript of the record proper in the cause was by the clerk of the trial court sent to this court. The transcript contains no bill of exceptions. A few days before the return day of the writ of error, counsel for the plaintiff in error, defendant below, sent to the clerk of this court a praecipe for the dismissal of the writ of error. No proof and adjudication of the insolvency of the plaintiff in error having been filed here and no deposit for costs having been made as required by the statutes and rules of this court, the clerk referred the praecipe for dismissal of the writ of error to the court. Subsequently the Attorney General as counsel for the State filed a motion for the affirmance of the judgment impos-

ing the death sentence upon the plaintiff in error, and presented an affidavit made by him in which it is stated "that he was informed prior to the filing of the praecipe by the plaintiff in error for dismissal of his writ of error, that such praecipe would be filed and that said writ of error was not sued out in good faith, but that it was the purpose of the plaintiff in error to trifle with the process of this court by suing out successive writs of error and dismissing them *ad infinitum.* That a death warrant for the execution of the plaintiff in error was issued by the Governor on the 2nd day of June A. D., 1909 in which the date for the execution of the sentence in said cause was fixed for the 9th day of July, A. D., 1909, and thereafter the Governor granted a reprieve until the 23rd day of July, 1909, and that on 22nd day of July, A. D., 1909, the plaintiff in error sued out a writ of error and had the return day thereof postponed and fixed at the latest day that he could by law have made the same properly returnable, to-wit: on October 19th, 1909, and two or three days before the return day of such writ filed his praecipe for the dismissal thereof without giving or assigning any cause or reason for such dismissal. That the plaintiff in error, although he had nearly 90 days after the issuance of his writ of error in which to have prepared and filed a transcript of the record in his case, yet he failed to apply to the Clerk of the Circuit Court as affiant is informed to prepare such transcript, but that the clerk of the Circuit Court has of his own motion in obedience to such writ of error prepared, certified and sent up to the Clerk of the Supreme Court a duly certified transcript of the record in said cause, which transcript is now before this court. That the plaintiff in error did not prepare or have signed by the trial judge any bill of exceptions in his said cause * * so that the record therein consists only of the record proper."

Proof that a copy of the motion and affidavit were duly served on counsel for the plaintiff in error as required by Rules 4 and 5 of the Supreme Court Rules, was filed before the motion for affirmance was taken up. The grounds of the motion to affirm the judgment are as follows:

"1st.  Because a writ of error was duly sued out in said cause on July 22nd, 1909, and made returnable to the Supreme Court on or before October 19th, 1909.

2nd.  Because the record proper in said case has been certified to this Honorable Court by the Clerk of the Circuit Court in and for Alachua County.

3rd.  Because after said writ of error was sued out and the record in said case certified to the Supreme Court by the Clerk of the Circuit Court of Alachua County, said case should not be dismissed upon a Praecipe for Dismissal but should either be reversed or affirmed by this Honorable Court.

4th.  Because a bill of exceptions does not appear to have been prepared, settled, signed and filed in said cause as required by law and the rules of this Court.

5th.  Because it does not appear from the record proper now in the custody of the Court that any part of the record of the proceedings have been omitted therefrom.

6th.  Because that said record does not show that any reversible error was committed in the lower court."

The rules provide for the dismissal of writs of error in proper cases, but they do not contemplate an improper use of the process of law. In this case it is made to appear that the writ of error was not taken till the day before the death sentence was to be executed, that the writ of error was made returnable at the most distant time allowed by the law, that no bill of exceptions was prepared, authenticated and filed, that the clerk of the trial court sent to this court a transcript of the record

proper in the cause in obedience to the writ of error, that no adjudication of the plaintiff in error's insolvency was filed here as required by law, that a few days before the return day of the writ of error a praecipe was sent to the clerk of this court by defendant's counsel for dismissal of the writ of error without any showing that the dismissal was desired for a lawful and proper purpose, and that the circumstances disclose by affidavit duly served on counsel for the defendant are such that a dismissal of the writ of error will obviously permit an abuse of the processes of the law.

In a brief filed by counsel for the plaintiff in error in opposition to the Attorney General's motion to affirm the judgment it is stated that they "disclaim any intention or desire to trifle with the process of this court," and that it is their "duty to see that plaintiff in error has the benefit and advantage of every remedy the law affords him." Counsel contend that as under the statutes of this State a writ of error issues on demand as a matter of right the motion of the Attorney General to affirm the judgment on the record brought here under a writ of error issued on demand is inconsistent with the constitutional provisions that all courts in this State shall be open, so that every person for any injury done him in his * * person shall have remedy, by due course of law. Counsel omits to call attention to the provision in the same section of the constitution that "right and justice shall be administered without sale, denial or delay."

In this case there is no question as to the right to a writ of error for the writ issued on demand; and out of regard for that process the Executive of the State recalled the warrant for the execution of the defendant under the sentence and judgment of the Court. The question here is whether a writ of error that has been issued on demand

can be so used as that right and justice cannot be administered without undue delay.

It appears that counsel have not made up and had authenticated and filed as a part of the record of the trial a bill of exceptions so as to present to this court for review the proceedings at the trial that are not a part of the record proper. In consequence of this the only review possible in this court is confined to the record proper which is now before us.

Counsel have failed to comply with the requirements of the statute and the rules of court in not filing an assignment of errors and in not presenting briefs on the merits of the cause. A dismissal of this writ of error will only serve to delay the final disposition of the cause without any showing that delay will facilitate the administration of justice. On the contrary it clearly appears by the facts and circumstances above stated that a dismissal of this writ of error will operate to infringe the Constitutional mandate that "right and justice shall be administered without * * delay."

A transcript of the record proper in the cause duly certified by the clerk of the trial court is before us. There is no bill of exceptions in the transcript. The Attorney General asserts that there is no error in the record. Counsel for the plaintiff in error have filed no assignment of error and no briefs upon the merits of the cause as required by the statute and the rules, and the course pursued by the counsel must be regarded as an abandonment of the cause now here on writ of error. The transcript of the record proper has been carefully examined by the court and no error appears in the record of the indictment, arraignment, trial and conviction of the defendant R. H. Owen. No good reason appears for dismissing the writ of error. On this showing the motion of the Attorney General to affirm the judgment should be granted.

See McCall v. State, 31 Fla., 218, 12 South. Rep. 845; Phillips v. State, 28 Fla., 77, 9 South. Rep. 826; Stowe v. Mapes Formula & P. G. Co., 21 Fla., 153.

An order will be entered affirming the judgment.

All concur.