[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 291 
[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 292 
Abe Washington, a negro man, was convicted of murder in the first degree and sentenced to be hanged for the homicide of a negro woman. The judgment was affirmed. Washington v. State,86 Fla. 519, 98 So.2d Rep. 603.
After the conviction and before the affirmance of the judgment the statute changed the method of capital punishment from hanging to electrocution; and owing to an organic provision it was held on habeas corpus that the accused was entitled to be hanged notwithstanding the change in the statute. Washington v. Dowling, 92 Fla. 601, 109 So.2d Rep. 588.
Upon leave given, Washington v. State, 92 Fla. 740, 110 So.2d Rep. 259, the accused applied to the Circuit Court for a writ of error coram nobis, which was denied and this writ of error was taken to the final order dismissing the petition for writ of error coram nobis. Nickels v. State, 86 Fla. 208, 98 So.2d Rep. 497, 502, 99 So.2d Rep. 121.
The petition for writ of error coram nobis alleges "that the jury which tried and convicted the petitioner, defendant as aforesaid, was composed entirely of white men, that there were no negroes, or men of African descent, on said jury and that this petitioner, defendant as aforesaid, is a negro of African descent, a colored person and a citizen and resident of the State of Florida and of the United *Page 293 
States and was such before and at said trial and has so remained at all times since;" that in summoning the jury in the case the officer "did purposely, knowingly and intentionally select and summon only white men to serve as jurors and did purposely, knowingly and intentionally fail, neglect and refuse to select and/or summon any negroes, colored persons or persons of African descent to serve as jurors at said trial solely because they were negroes, colored persons and persons of African descent, and in the execution of said venires did purposely, knowingly and intentionally discriminate against all colored persons, negroes and persons of African descent including this petitioner, although he had then and there full and complete opportunity to select and summon negroes, colored persons and persons of African descent, citizens of said county and fully qualified in each and every way for jury duty and service in said court."
An affidavit of the officer who served the jury venires made a part of the petition states that he had then been a deputy sheriff over two years "and that he had never summoned a negro or person of African descent to serve as a juror in any of the courts of the county, although in his search for jurors he saw many negroes whom he believed to be qualified for jury duty." This is not made applicable to the jurors summoned in this call, even if the statement shows unlawful discrimination practiced by the officer.
In the petition it is alleged that such "facts have come to the knowledge of this petitioner and to the knowledge of his attorney only subsequent to said trial and conviction and subsequent to said motion for new trial and subsequent to said petition for said writ of habeas corpus, and subsequent to the taking out of said writ of error to the judgment of this Court on said petition for writ of habeas corpus, *Page 294 
and long after the time allowed by law for this petitioner to make a motion for new trial herein; which said facts, acts, procedure and evidence were in existence though unknown to petitioner and his said attorney at the time of said trial, which were also unknown to this Honorable Court at the time of said trial, verdict and judgment and are not shown by the records of this said Court, and which if known to this Honorable Court, would have prevented the rendering of the aforesaid judgment and sentence. That by the exercise of due diligence on the part of this petitioner and his attorney, either or both, neither this petitioner or his said attorney could have known of, or ascertained such facts, acts, procedure and evidence before the said judgment and sentence was rendered or before the motion for a new trial or at any time prior to the time the same first came to the knowledge of this petitioner as aforesaid. That this petitioner and his said attorney each and both, exercised all ordinary care and diligence to discover and ascertain any and all facts, matters and things, including those hereinafter set out, pertaining to the indictment, arraignment, plea, trial, verdict, judgment and sentence aforesaid of this petitioner, the issues thereof and the procedure thereof, or which could affect the same in any manner."
The only question on this writ of error is whether the Circuit Court erred in denying a writ of error coram nobis on the petition as presented.
The functions of a writ of error coram nobis are limited to an error of fact for which the statute provides no other remedy, which fact did not appear of record or was unknown to the court when judgment was pronounced, and which, if known, would have prevented the judgment, and which was unknown and could not have been known to the party by the exercise of reasonable diligence in time *Page 295 
to have been otherwise presented to the court, unless he was prevented from so presenting them by duress, fear, or other sufficient cause.
The writ of error coram nobis is not intended to authorize any court to review and revise its opinions; but only to enable it to recall some adjudication made while some fact existed which, if before the court, would have prevented the rendition of the judgment, and which, without any fault or negligence of the party, was not presented to the court. Nickels v. State,86 Fla. 208, 98 So.2d Rep. 497, 502; 99 So.2d Rep. 121.
The function of a writ of error coram nobis is to bring the attention of the court to a specific fact or facts then existing but not shown by the record and not known by the court or by the party or counsel at the trial, and being of such vital nature that if known to the court in time would have prevented the rendition and entry of the judgment assailed.
The writ of error coram nobis supplements, but does not supersede, the remedy provided in the statute for the granting of new trials or the correction of errors. It is not available where the facts complained of were known before the trial, and where advantage could have been taken of the alleged error at the trial; nor does it lie to correct an adjudicated issue of fact. Lamb v. State, 91 Fla. 396, 107 So.2d Rep. 535.
The statutory provisions of this State for selecting, summoning and empaneling jurors do not discriminate, or authorize any discrimination, against any person for jury duty because of race or color. It is the duty of the officers charged with the administration or execution of such statutory provisions, to do so without violating the Constitution of the United States, by discriminating against persons on account of race or color or by other illegal action. If in *Page 296 
selecting, summoning or empaneling jurors, a discrimination is made against any citizen on account of race or color, such action is not authorized by the statute, is illegal, and upon proper proceedings duly taken for that purpose, should be set aside and annulled in toto.
The constitutional guaranty of equal protection of the laws does not give to any person a right to a jury composed in whole or in part of his own or of any particular race; but every person being tried in a court of justice is entitled to have a jury selected and summoned without illegal discrimination of any character. A large discretion is necessarily allowed the officers charged with the responsible duty of selecting jurors. This discretion should be carefully exercised so as to aid in the proper administration of the law by securing the best juries possible without illegal discrimination against any citizen of the State qualified for jury duty under the law.
Where the statute of a state in its terms does not abridge a privilege or immunity of citizens of the United States, or does not deny to any person the equal protection of the laws, the action of officials in executing the provisions of such statute is presumed to be legal. When illegal action by an official in the administration or execution of a valid statute is charged, such illegal action should be duly, properly, directly and distinctly alleged, and if not admitted by demurrer or otherwise, should be duly proven or proof thereof duly offered according to the usual and proper mode of procedure in such cases. Montgomery v. State, 55 Fla. 97, 45 So.2d Rep. 879.
Under the provision of the Fourteenth Amendment to the Federal Constitution that "no State shall * * * deny to any person within its jurisdiction the equal protection of the laws," an accused person has no right to have members of his race selected as jurors for his trial. *Page 297 
But such organic provision secures to him the right by timely and appropriate procedure to ascertain whether members of his race legally qualified to serve as jurors have been sounlawfully discriminated against by officers in selecting the jury for his trial as to deny to him the equal protection of the laws, thereby affecting the validity of the trial. Bonaparte v. State, 65 Fla. 287, text 293, 61 So.2d Rep. 633.
The mere fact that the sheriff, in executing a venire for petit jurors to try the defendant, who was a colored man, summoned only white men to serve as jurors, and failed and refused to select any colored men of African descent to serve on the jury which was summoned to try the defendant, is not of itself evidence of discrimination against persons of color, solely on account of their color; neither is it a denial to the defendant of the equal protection of the law as contemplated by the Fourteenth Amendment of the Constitution of the United States. Montgomery v. State, 53 Fla. 115, 42 So.2d Rep. 894.
While an unlawful discrimination against negroes because of their race or color practiced by an officer in summoning jurors may render the act of summoning illegal, the panel of jurors as formed might not be illegal. Where a jury that is competent under the law and that is impartial as required by the Constitution, has been tendered, it may be accepted by the accused, who thereby waives his right to object to the panel on the ground that in summoning the jurors members of his race were discriminated against there being no duress or other improper influence to embarrass or injure the accused. The jurors that tried the accused were all of the white race; and if the defendant desired to assert his right to have it judicially determined whether the jury was selected without discrimination on account of race or color, such right should have been asserted *Page 298 
before accepting the panel. This was not done and there is no suggestion that the accused was not tried by an impartial jury as required by the Constitution of the State. The accused was represented by competent counsel of his own race who had long been an active practitioner in the courts of the county and the State, and such counsel was of course familiar with the laws governing the rights of the accused, if not also acquainted with the general methods pursued in executing the laws relating to summoning and empaneling juries, the laws of the State not permitting discriminations against any race in selecting jurors.
Timely and appropriate procedure must be invoked in asserting race discriminations in forming jury panels. Tarrance v. State,43 Fla. 446, 30 So.2d Rep. 685; Tarrance v. Florida,188 U.S. 519, 23 Sup. Ct. Rep. 402.
The writ of error coram nobis is not available as a means of challenging after a judgment of conviction and of affirmance by the appellate court, the legality of the trial jury that was accepted by an accused, particularly when there is no suggestion of duress or other improper influence exerted in forming or accepting the jury as impaneled, and no suggestion that the accused was not fairly tried by a competent, impartial jury.
Affirmed.
ELLIS, C. J., AND TERRELL, STRUM AND BROWN, J. J., concur.
BUFORD, J., disqualified. *Page 299