ISIAH (IZELL) CHAMBERS, *et al.*, v. STATE.

151 So. 499.

Order Entered August 5, 1933.

Opinion Filed December 19, 1933.

Opinion on Petition for Writ of Error *Coram Nobis* Filed January 22, 1934.

D. W. Perkins, for Plaintiff in Error;

Cary D. Landis, Attorney General, and *Roy Campbell,* Assistant, for Defendants in Error.

ORDER:

It appearing that a writ of error has been issued herein under Section 8463 C. G. L., 6149 R. G. S., to the judgment

of death alleged to have been entered against the plaintiffs in error by the Circuit Court of Broward County, and it appearing that said writ of error is returnable to this Court on the 27th day of October, 1933, and that plaintiffs in error are not held in custody at the State Prison awaiting execution of the Governor's death warrant,

It is thereupon considered, ordered and adjudged by the Court that the execution of the judgment of death against the plaintiffs in error be stayed until the further order of this Court and that the writ of error issued herein do operate as a supersedeas of the judgment complained of on the plaintiffs in error complying with the conditions prescribed by law relating to supersedeas in capital cases, and that the persons of the plaintiffs in error, and each of them, shall be held in custody by the proper officers as security for their forthcoming to answer and abide the final order, judgment and decree of this Court.

It is further ordered that the writ of error which has been issued herein shall be transmitted by the Clerk of this Court to the Clerk of the Circuit Court of Broward County, Florida, who shall record the same in the minutes of the Circuit Court of said Broward County, and that said Clerk of the Circuit Court of Broward County shall forthwith cause to be issued and served the notice of such writ of error required by Section 8464 C. G. L., 6150 R. G. S.

All of which is ordered to be certified to the Circuit Court of Broward County, Florida, by the Clerk of this Court, together with the writ of error issued herein.

DAVIS, C. J., and WHITFIELD, TERRELL and BROWN, J. J., concur.

DAVIS, C. J.—On August 4, 1933, Isiah Chambers, Jack Williamson, Charlie Davis and Walter Woodard, alleging themselves to be held in custody of L. F. Chapman, Su-

perintendent of the State Prison, under death warrants issued by the Governor for their execution for the capital crime of murder in the first degree, and that they were then about to be forthwith put to death in the electric chair for said crime, presented to this Court, through their attorney, one D. W. Perkins, a petition for writ of habeas corpus seeking avoidance of the death sentences, on the ground of alleged invalidity of the trials and hearings upon which the accused were severally adjudged guilty and sentenced.

This Court refused to entertain the petition for habeas corpus, but did, upon praecipe of counsel, issue its writ of error from this Court directed to the circuit court, and at the same time entered its order directing a stay of execution of the sentences of death, until the transcript of the record could be brought here in due course pursuant to the writ of error and the case considered by this Court thereon.

The writ of error was made returnable on October 29, 1933.

On the return day a thirty-days extension of time to complete the record was granted upon request of the counsel of record for the accused. No transcript of the record having been filed here by either of the plaintiffs in error on the extended return day which was November 28, 1933, the State's Attorney, Hon. Louis F. Maire, who prosecuted the cases in the court below, has caused to be prepared and filed in this Court, duly certified by the Clerk of the Circuit Court, a complete transcript of the record of the convictions complained of, together with the writ of error and notice thereof which was duly recorded and served upon the State's Attorney and Attorney General as required by the statute in criminal cases.

The case is now before us for consideration on the transcript of the record alone, the appeal apparently having

been abandoned by counsel for the plaintiffs in error who has failed to pursue the steps or file the papers required by the rules of this Court to perfect their appeals according to the prescribed practice.

Ordinarily dismissal of the writ of error is the only penalty visited on plaintiffs in error in this Court for failing to comply with the rules prescribed for the orderly presentation of appellate controversies. But in this case the plaintiffs in error stand convicted of murder in the first degree. At the time writ of error was applied for, death warrants had already been issued for their execution and the penalty of the law was about to be exacted. Consequently, when the writ of error was sought here and ordered to be issued for the benefit of plaintiffs in error, on praecipe of their counsel, writ of error was issued as process of this Court as a matter of right issuable on demand. In response to that writ of error the complete transcript of the record has been prepared and filed in this Court for our consideration.

In Owen v. State, 58 Fla. 84, 50 Sou. Rep. 639, it was held that where a transcript of the record proper in a criminal case has been brought to this Court on writ of error taken by a convicted defendant, and it is made to appear thereby that no bill of exceptions was made up and authenticated in the cause, the Supreme Court may upon motion of the representative of the State (and will as a general rule upon such motion), affirm the judgments appealed from if, upon a careful consideration of the transcript of the record proper brought here in response to the writ of error, no errors appear in the record of the indictment, arraignment, trial, conviction or sentence of the accused.

The Constitution of the State provides that "right and

justice shall be administered without * * * delay." The foregoing practice was approved in the cited case as an appropriate means of effectuating the requirements of the Constitution in the particulars referred to in the quoted constitutional provision. Justice delayed is often justice denied. And much of the criticism against the administration of our criminal laws will be found to be the result of the seemingly unwarranted delay which ofttimes ensues between the time a judgment of conviction for crime is rendered and the sentence of the law is carried out. The appellate courts of the country can perform no greater service than by giving to cases involving convictions for serious felonies such as capital crimes, that prompt consideration and disposition which deals out justice promptly, and puts into effect without undue delay, speedily, the sentences of the law in those cases wherein it is found that no ground for reversal of the convictions is made to appear.

Acting upon that consideration this Court in the present case has carefully examined the transcript of the record proper in the present cases and has found that three of the defendants,—Jack Williamson, Walter Woodard and Charlie Davis, were condemned on their voluntary pleas of guilty interposed in open court to an indictment charging those parties with murder in the first degree. The other defendant, Izell Chambers, was tried by a jury and found guilty of murder in the first degree without recommendation to the mercy of the court. In addition to its formal examination of the record proper, this Court, in view of the fact that plaintiffs in error have been sentenced to death and are not represented here by argument or brief of counsel, has read the stenographer's report of the testimony which has been copied by the Clerk as part of the transcript (although not made nor authenticated as a bill of excep-

tions).*  Nothing has been found in the transcript to raise the slightest doubt as to propriety of the convictions and sentences in this case, as to either of the condemned defendants.

It is therefore considered, ordered and adjudged by this Court that the judgments brought here on writ of error be and the same are hereby affirmed as to each of the plaintiffs in error, Isiah (Izell) Chambers, Jack Williamson, Charlie Davis and Walter Woodward (Woodard).

Affirmed.

WHITFIELD, TERRELL and BUFORD, J. J., concur.

ELLIS, J., concurs in conclusion.

BROWN, J., absent and not participating because of illness.

*S. D. McGill* and *Robert Crawford,* for Petitioners;

*Cary D. Landis,* Attorney General, and *Louis F. Maire,* State Attorney, for Respondent.

BUFORD, J.—After a judgment of the Circuit Court in and for Broward County adjudging each of the several petitioners to be guilty of murder in the first degree and sentencing them to death by electrocution, as is required under the laws of this State, had been entered and writ of error had been taken to such judgment and it had been affirmed by this Court, the petitioners now come with a

---

*The testimony is to the effect that the four convicted defendants plotted the robbery of an aged man, Robert M. Darsey; that Darsey was waylaid in the night-time and beaten to death, robbed and left in the road-way to die; that money was apportioned among some of the defendants; that all were present when the murder and robbery was committed. This testimony was by the defendants themselves, three of whom plead guilty and asked the mercy of the court.

petition for leave to apply to the Circuit Court in and for Broward County for a writ of error *coram nobis*.

The record shows that one of the petitioners, Chambers, pleaded not guilty, was tried and convicted, while the other three petitioners pleaded guilty, and thereupon the court heard evidence upon which to determine the degree of their guilt and, after hearing such evidence and considering such pleas, adjudged them each to be guilty of murder in the first degree.

The petition for leave to file writ of error *coram nobis* presents allegations which, if true, would constitute ground for issuing the writ. It is not the province of this Court to determine whether or not such allegations are true. The determination of such question may be had in the circuit court under issues duly made for that purpose.

The petition then sets forth that the facts which constitute the basis of the petition were unknown to the petitioners, or to their attorneys who represented them at the trial, or to the court at the time of the trials, verdicts, sentences and judgments. These allegations are shown upon the face of the petition to be false because certainly the petitioners knew on the date of the trial about all things which they alleged happened to them prior to the date of the trial.

It is alleged in the petition that the attorneys appointed by the court to represent the petitioners at the trial, and who did appear as counsel of record for the petitioners at the trial, made no preparation of the case, made no inquiries and asked no questions of the petitioners in regard to certain confessions upon which the State relied for convictions; that the attorneys made no argument at the trial, or at any other time, filed no motion for new trial, and that the petitioners were without knowledge that the said attorneys represented them in their interests until on or about

the day sentence of death was passed upon them. That they are uneducated and that they knew nothing about court matters and are wholly ignorant of court procedure and had no knowledge of their rights or how to protect their interests.

It is alleged "that on June 17th, 1933, the day on which sentences of death were passed upon them by the Circuit Judge of Broward County, Florida, said attorneys entered into a stipulation with Hon. Louis F. Maire, State's Attorney for Broward County, Florida, in open court whereby it was agreed between said attorneys that the degree of guilt of each of your petitioners, except Izell Chambers, the evidence and proofs submitted in the case of the State of Florida v. Izell Chambers and heard by the court in the said trial which was relevant and material testimony, should be used against your petitioners, Charlie Davis, Jack Williamson and Walter Woodward in considering and determining the degree of unlawful homicide of which said defendants had plead guilty. That said stipulation was entered into by said attorneys without any knowledge or consent on the part of your petitioners and said stipulation was without any authority from these petitioners."

The entire transcript of the records of the trials is made a part of the petition. It is alleged in the petition that the petitioners were severely beaten, cursed and otherwise mistreated by a number of white men in an effort to coerce the petitioners to confess the commission of the homicide with which they were charged, and that this treatment resulted in the confessions without which conviction could not have been had.

It is further alleged in the petition:

"Your petitioners further represent that on the morning immediately before they were carried by the Sheriff of

Broward County, Florida, from the county jail to the circuit court to plead to the indictment found against them, the Sheriff again warned them of the confessions they had theretofore made during the night of May 20th, 1933, and the morning of May 21st, 1933, and they were told by him to stick to them, he (the Sheriff) at the same time dangling a large bunch of keys in front of petitioner's eyes, stating to them that unless they did stick, said keys would be turned over to a crowd that night that would be on the outside waiting and your petitioners would be taken by it and lynched. And your petitioners further represent that on the same day Capt. Williams, who had administered most of the tortures and beatings upon them during the past, was present in court with your petitioners when they were called upon to plead to said indictment and said Capt. Williams, speaking in a low tone of voice to one of your petitioners said, 'Jack, you are about to be called as a witness and if you don't stick to the truth as you told us, you will be killed.' And thereafter three of your petitioners plead guilty to the Indictment of Murder in the First Degree, through fear that the tortures and brutalities might again be repeated upon them. Petitioners represent that their heads and bodies still show marks and scars from tortures put upon them by officers or men in the presence of Broward County officers, before the confessions herein were made by them as will more fully appear."

If the trial was had under the circumstances and following the conditions which are alleged in the petition, then it was not a fair and impartial trial. It is true that each of the petitioners testified during the trials that the confessions introduced were made freely and voluntarily and they also testified that the evidence which they gave then upon the stand was freely and voluntarily given. But, their petition

alleges that this testimony was false and given under duress. This presents an issue which the petitioners are entitled to have determined by a court of competent jurisdiction.

In the case of Nickels v. State of Florida, 86 Fla. 208, 99 Sou. 121, this Court said:

"The writ of error *coram nobis* which issues for the correction of a judgment entered in ignorance of certain matters of fact which if they had been known to the court rendering the judgment it would not have been entered, will not be allowed as of course, but only upon its being made to appear with reasonable certainty that there has been some error of fact in the trial of the cause which had it been known to the court the judgment would not have been entered.

"A writ of error *coram nobis* will not reach facts actually determined in the original proceedings; nor will it lie when a proper remedy is afforded by appeal or ordinary writ of error, nor for false testimony at the trial, nor newly-discovered evidence. (Quere: Whether the discretion of the trial judge in refusing the writ is reviewable.)"

"The functions of a writ of error *coram nobis* are limited to an error of fact for which the statute provides no other remedy, which fact did not appear of record or was unknown to the court when judgment was pronounced, and which, if known, would have prevented the judgment, and which was unknown and could not have been known to the party by the exercise of reasonable diligence in time to have been otherwise presented to the Court, unless he was prevented from so presenting them by duress, fear or other sufficient cause."

To like effect was the holding in Washington v. State, 95 Fla. 289, 116 Sou. 470.

In Jennings v. Pope, 101 Fla. 1476, 136 Sou. 471, we said:

"The granting by the appellate court of an application for leave to apply to the trial court for a writ of *coram nobis* in a cause which has been brought to the appellate court by writ of error to review the judgment of the lower court carries with it no implication that the appellate court has approved the application for the writ as sufficient on the merits. The granting of the permission is merely authority to the trial court to entertain the application and grant it if in the judgment of the trial court the showing made is sufficient."

It, therefore, appears that the petition presents sufficient grounds to warrant this Court in granting leave for the filing and hearing in the court below of a petition for writ or error *coram nobis.*

It is true that the record and stenographer's report of the testimony taken at the trials, which are made a part of the petition presented to this Court, show that each of the witnesses to whom it was alleged that the extra-judicial confessions were made each testified that "at the time" of the alleged confesisons there was no force or coercion used to procure the confessions but they did not make it clearly appear that force and coercion had not been used prior thereto, which force and coercion resulted in such confessions.

It is also true that each of the defendants testified on the trial that the confessions were freely and voluntarily made and that the respective statements of each made upon the trial was the free and voluntary statement of such defendant as a witness in his behalf, but if it is a fact, as alleged in the petition, that these petitioners were coerced, threatened and frightened in such manner as to cause them against their will to make such statements at that time they come clearly within the purview of the law as announced

in the cases of Nickels v. State, *supra*, and Washington v. State, *supra*.

If the allegations of the petition are not true, they may be traversed in due course in the court below and thereupon the issues as to the truth of such allegations may be judicially determined.

As stated in the case of Jennings v. Pope, *supra*, it is not the province of this Court to determine the truth as to such allegations and the granting of leave to file the petition in the lower court carries with it no intimation concerning the verity of such allegations.

For the reasons stated, leave is granted to present petition to the court below within thirty days as prayed and, accordingly, a copy of this opinion and judgment should be transmitted to the Clerk of the Circuit Court of Broward County, Florida, that such further proceedings may be had as may be in accordance with law.

It is so ordered. ·

WHITFIELD, P. J., and BROWN, J., concur.

DAVIS, C. J., and ELLIS and TERRELL, J. J., concur in the opinion and judgment.