27 So.2d 226

## BROWN v. STATE.
### 4 Div. 979.

Court of Appeals of Alabama.
Aug. 1, 1946.

Wm. N. McQueen, Atty. Gen., and Frank N. Savage, Asst. Atty. Gen., for the State.

W. R. Belcher, J. W. Brassell, and A. L. Patterson, all of Phenix City, for petitioner.

## PER CURIAM.

It is shown by the petition filed in this case that C. J. Brown was tried and convicted in the Circuit Court of Russell County, Alabama, October 13, 1944, for the offense of sodomy, and was sentenced to the penitentiary for a period of six years; that he took an appeal from said judgment of conviction and of sentence against him to the Court of Appeals, which affirmed said judgment; that while said cause was pending in this court, and before the mandate of this court was sent to the court below, said petitioner filed his petition in this court for leave to file a petition in the Circuit Court of Russell County, Alabama, in coram nobis to revoke, set aside and hold for naught, the judgment of conviction which had been pronounced against him by that court in said case.

The petition filed in this court for leave to file in the court below, a petition in coram nobis, is based upon two grounds: (1) Fraud in the procurement of said judgment of conviction practiced upon the court in the trial of said cause, and (2) irregularity and illegality in the proceedings of the jury, before whom petitioner was tried, after the jury retired to the jury room.

It is alleged in the petition that the facts constituting the two above grounds for the annulment of the judgment of conviction were unknown to the court, to the petitioner and his counsel at the time of trial and could not have been discovered by them through the exercise of due diligence. And further, that if said facts had been known to the trial court, they would have prevented the judgment of conviction which was pronounced and entered against the petitioner.

The practice which prevails in cases of this character where a judgment has been affirmed by an appellate court and the convicted person desires to attack the judgment because of the existence of a fact which had the trial court known, at the time of the trial, would have precluded the entry of the particular judgment, application must be made to the appellate court for leave to file a petition for a writ of error coram nobis in the trial court because the judgment which had been affirmed by the appellate court becomes the judgment of the trial court, and no other State court can examine its proceedings and annul its judgment.

In the case of Johnson v. Williams, Warden, 244 Ala. 391, 13 So.2d 683, 685, it was said:

"But we think more should be said. By the holding in Vernon v. State, supra, that the remedy by petition for habeas corpus was not available, it was not intended to indicate there was no remedy for one who claims that his incarceration is due to failure to observe that fundamental fairness essential to every concept of justice, even after a sentence has been duly affirmed by the highest court of the state. We recognize in this State, as does the Supreme Court of Florida (Hysler v. State, 146 Fla. 593, 1 So.2d 628), that the common law writ of error coram nobis is available in such instances and is the appropriate remedy to be followed. See 24 C.J.S., Criminal Law, § 1606. The rule in that State, which we think is just and proper, and is here adopted, calls for a petition to this Court, when the judgment of conviction has been here affirmed, for leave to petition the circuit court where the conviction was obtained for a writ of error coram nobis to review such judgment. Such application should make an adequate showing of the substantiality of the petitioner's claim to the satisfaction of this Court."

It is the law that a judgment, civil or criminal, may be vacated and annulled for fraud. Bolden et al. v. Sloss-Sheffield Steel & Iron Co., 215 Ala. 334, 110 So. 574, 49 A.L.R. 1206; Morhous v. Supreme Court of New York, 293 N.Y. 131, 56 N.E.2d 79; Lyons v. Goldstein, 290 N.Y. 19, 47 N.E.2d 425, 146 A.L.R. 1422.

Our Statute, Code of Alabama 1940, Title 30, Sec. 7, provides:

"If a juror has personal knowledge respecting any fact in controversy, he must declare it in open court during the trial; and if, during the retirement of the jury, a juror declares a fact as of his own

502

knowledge, which could be evidence in the cause, the jury must forthwith return into court, and such juror must in either case, be sworn and examined as a witness in the presence of the parties."

Section 6, Art. 1, of the Constitution of Alabama, 1901, declares that every person indicted for crime is entitled to a trial by a fair and impartial jury.

■ The fraud complained of by petitioner is, that prior to his conviction the two women upon whose testimony he was convicted in the trial court, and without whose testimony he could not have been convicted, had conspired together to extort from him a sum of money and that they had agreed to use a court of justice (the trial court) as the instrumentality through which they would perpetrate their fraudulent scheme, and in order so to do, would perjure themselves in testifying to facts necessary to secure the conviction of the petitioner. The petitioner is not basing his application upon the ground of perjured testimony. He admits that perjury of a witness or witnesses would not constitute ground for the issuance of the writ of error coram nobis, but he insists and asserts that the judgment of conviction obtained in the court below and pronounced against him by that court was so obtained through a dominating fraud. The perjury of the witnesses is an incident to the fraud which he says was practiced upon him and upon the trial court. The affidavits offered, convince us that the petition presents sufficient prima facie proof of fraud to authorize this court to permit the petitioner to file his petition for the writ of error coram nobis in the court below for that reason.

Furthermore, we think it sufficiently shown by the affidavits attached to the amended petition filed in this case, that there was prima facie proof of such irregularity and illegality in the conduct of the jury before whom the petitioner was tried in the court below as to authorize and compel us to grant the petitioner leave to file his petition in the court below for an annulment of the judgment of conviction on that ground, in a proceeding in coram nobis, to be there filed by him. Martin v. State, 22 Ala.App. 154, 113 So. 602.

■ It is the opinion and judgment of this court, therefore, that the petition for leave to file a petition for writ of error coram nobis in the court below, presents allegations of facts which, if they are true, constitute good and sufficient ground for issuing the writ. It is not the province of this court to determine whether or not such allegations are true. The determination of such questions is to be had in the court below under issues duly made in that court for that purpose. The granting of the permission by this court is merely authority to the trial court to entertain the application and to grant it, if in the judgment of the trial court, the showing there made is sufficient.

If the allegations of the petition are not true, they may be traversed in due course in the court below, and thereupon the issue as to the truth of such allegations may be judicially determined in form and manner as provided by law. Smith v. State, 245 Ala. 161, 16 So.2d 315; Johnson v. Williams, Warden, 244 Ala. 391, 13 So.2d 683; Skipper v. Schumacher, 124 Fla. 384, 169 So. 58; Chambers v. State, 117 Fla. 642, 158 So. 153; Lamb v. State, 91 Fla. 396, 107 So. 535, 536; Chambers, et al v. State, 113 Fla. 786, 152 So. 437.

For the reasons stated, leave is hereby granted to the petitioner, C. J. Brown, to present his petition to the Circuit Court of Russell County, Alabama, within sixty days, as prayed for in his petition, and accordingly, a copy of this opinion and judgment is hereby ordered to be transmitted to the Clerk of the Circuit Court of Russell County, Alabama, that such further proceedings may be there had as herein determined, and in accordance with the law in such cases made and provided.

It is so ordered.