35 So.2d 516

### BROWN v. STATE.
### 4 Div. 8.

Court of Appeals of Alabama.
Dec. 16, 1947.

Rehearing Denied Jan. 13, 1948.

Appeal Dismissed after Remandment
May 18, 1948.

A. L. Patterson, J. W. Brassell and W. R. Belcher, all of Phenix City, for appellant.

A. A. Carmichael, Atty. Gen., and Bernard F. Sykes, Asst. Atty. Gen., for the State.

HARWOOD, Judge.

This is an appeal from the action of the Circuit Court of Russell County granting

the State's motion to dismiss appellant's petition for a writ of error coram nobis.

The appellant here, petitioner below, had heretofore been convicted in the Circuit Court of Russell County of the offense of sodomy and sentenced to a term of six years in the penitentiary. From that conviction he perfected his appeal to this court. The judgment in the sodomy case was affirmed by this court on 8 May 1945, but on 21 May 1945, the judgment of affirmance was set aside and the cause restored to the docket where it is still pending.

On 11 December 1945 the appellant (defendant in the sodomy case) filed a petition for leave to file in the Circuit Court of Russell County a petition for a writ of error coram nobis to revoke, set aside, and hold for naught the judgment of conviction pronounced against him in the sodomy case. Thereafter on August 1, 1946 this court granted the petition as prayed. The report of these proceedings, together with the order of the court then entered may be found in 32 Ala.App. 500, 27 So.2d 226, 228. We copy the following portion from the above order entered by this court on August 1, 1946 granting the petition:

"It is the opinion and judgment of this court, therefore, that the petition for leave to file a petition for writ of error coram nobis in the court below, presents allegations of facts which, if they are true, constitute good and sufficient ground for issuing the writ. It is not the province of this court to determine whether or not such allegations are true. The determination of such questions is to be had in the court below under issues duly made in that court for that purpose. The granting of the permission by this court is merely authority to the trial court to entertain the application and to grant it, if in the judgment of the trial court, the showing there made is sufficient.

"If the allegations of the petition are not true, they may be traversed in due course in the court below, and thereupon the issue as to the truth of such allegations may be judicially determined in form and manner as provided by law. Smith v. State, 245 Ala. 161, 16 So.2d 315; Johnson v. Wil-liams, Warden, 244 Ala. 391, 13 So.2d 683; Skipper v. Schumacher, 124 Fla. 384, 169 So. 58; Chambers v. State, 117 Fla. 642, 158 So. 153; Lamb v. State, 91 Fla. 396, 107 So. 535, 536; Chambers et al v. State, 113 Fla. 786, 152 So. 437.

"For the reasons stated, leave is hereby granted to the petitioner, C. J. Brown, to present his petition to the Circuit Court of Russell County, Alabama, within sixty days, as prayed for in his petition, and accordingly, a copy of this opinion and judgment is hereby ordered to be transmitted to the Clerk of the Circuit Court of Russell County, Alabama, that such further proceedings may be there had as herein determined, and in accordance with the law in such cases made and provided.

"It is so ordered."

This appellant, pursuant to the above order, thereafter timely filed his petition for a writ of error coram nobis (coram vobis) in the Circuit Court of Russell County, said petition being substantially identical with the petition filed in this court.

A jury trial was demanded by the petitioner.

In the proceedings on the petition in the court below the State filed a motion to dismiss the petition.

Petitioner then moved to strike the State's motion to dismiss, which motion was by the court overruled.

Petitioner then demurred to the motion, the demurrer likewise being overruled.

Submission was had on the motion of the State to dismiss the petition, and the testimony of one McDuffie Roberts, a juror in the sodomy proceedings.

The court sustained the State's motion to dismiss, and from that ruling of the trial court an appeal was perfected to this court.

In his brief submitted in this present appeal the Attorney General argues strenuously that the action of the trial court was correct for as much as the petition filed in the circuit court shows on its face that it is insufficient for the issuance of a writ of error coram nobis, and that this court erred in the issuance of its order granting leave to file the petition, and that we should overrule the case of Brown v. State, 32

Ala.App. 500, 27 So.2d 226, and affirm this cause. It should be noted that the State did not take any steps questioning the correctness of this decision at the time of its rendition.

We do not think that the rightness or wrongness of the order entered in granting leave to file a petition for a writ of error coram nobis in the Circuit Court of Russell County was before that court. We therefore do not consider that it is before us.

The order having been issued by this court it was the duty of the lower court to execute such order without questioning its correctness, otherwise the power of general superintendence and control of jurisdictions inferior to this court in matters over which this court has final appellate jurisdiction, granted to this court by Section 89, Title 13, Code of Alabama 1940, and its precursors, would be innocuous.

Society has a great interest in the termination of legal controversies, reflected in the maxim "Interest reipublicae ut sit finis litium." The principle protecting such interest would be ignored and nullified if the action of the trial court in this cause be approved. The imperative necessity of obedience by a lower tribunal of the mandate of a higher court having general supervisory powers was early recognized in this State, and no better exposition of such doctrine can be found in our cases than in the case of Johnson et al. v. Glasscock et al., 2 Ala. 519, wherein the court wrote:

"3. The learned Chancellor, when he refused to carry out the mandate of this Court, seems to have been influenced by an impression, that the judgment was not only erroneous, but also, that this Court possesses the power to correct its errors at a subsequent time. It is very certain that, after the Court has adjourned, its judgments, however erroneous, are incapable of revision, except for mere clerical defects and omissions. (Ex parte Sibbald, 12 Pet., U.S., 488, 492, 9 L.Ed. 1167). As the error, if one has been committed, is remediless, this consequence follows—when the direction contained in the mandate of the superior to the inferior Court is precise and un-ambiguous, it is the duty of the subordinate tribunal, to carry it into execution. And it ought not to decline obedience upon the supposition, that the superior Court has inadvertently or otherwise committed an error.

"The rule to show cause must be allowed on the facts disclosed by the petition."

Other cases indicating a general adherence to the above doctrine are Goodwin v. McGehee, 15 Ala. 232; Jesse v. Cater, 28 Ala. 475; Pettus, Adm'r v. McClannahan, pro ami, 52 Ala. 55; Lyon v. Foscue, 60 Ala. 468; Kinney v. White, 215 Ala. 247, 110 So. 394; Shields v. Pepper, 218 Ala. 379, 118 So. 549; Brewer v. State, 23 Ala.App. 116, 121 So. 689.

It is our conclusion therefore that this cause must be reversed and remanded because of the lower court's failure or refusal to carry out the provisions of the decree or order of this court heretofore issued. It is so ordered.

Reversed and remanded.

PER CURIAM.

Upon authority of Brown v. State, Ala. Sup., 35 So.2d 518,[1] this appeal is dismissed without prejudice to the right of petitioner to file new petition after affirmance of main trial.