SMITH, Judge.
Thomas La Rocca was adjudged guilty on his plea of guilty and sentenced to serve a term of from six months to five years in the State Prison for the crime of breaking and entering. The final judgment was entered on March 26, 1962. On May 18, 1962, he filed his Petition for Writ of Error Coram Nobis, which was denied. He now appeals from the order denying the Petition for Writ of Error Coram Nobis. In his Notice of Appeal, he also recites that he appeals from the final judgment of March 26th. However, his Assignments of Error and Points on Appeal presented to this court are confined to the denial of the Petition for Writ of Error Coram Nobis. We affirm.
At a hearing on the question of the sufficiency of the Petition, the court denied the Petition without the taking of testimony. The effect is to say that, while the facts alleged in the Petition and supporting affidavit are taken to be true, they are not sufficient in law to effect an annulment of the judgment. The Petition with supporting affidavit of the petitioner alleges that La Rocca, with others, was arrested by police officers of the City of Tampa, held in the Police Station for three days without any outside communication with friends, relatives or attorney, frequently interrogated, and told that if he would cooperate and confess he would be charged with breaking and entering and grand larceny, and if not, he would be further charged with burglary and other offenses. He was further told that if he confessed and pleaded guilty he would be assured a probation and the wife of one of his co-defendants and her son would not be charged with any offense. The three defendants were brought together, at which time one of the co-defendants informed La Rocca that if he did not confess, then the co-defendant would see to it that La Rocca was sent to prison. On the assurances of the police officers, in addition to the threat of the co-defendant, and with his feeling of sym *66 pathy toward the co-defendant’s wife and son, he agreed to confess to the charges. In his confession he gave an account of the story as he was told to tell by the co-defendant. Relying on the promises, with fear of the threats of the co-defendant, and with the feeling of sympathy for the co-defendant’s wife and .son, he subsequently entered a plea of guilty. He informed his attorney of these matters prior to the entry of the plea of guilty. La Rocca seriously believed that he would be placed on probation. He further alleges that his confession and plea were not voluntary acts, but were acts made in reliance upon the promises, fear of imprisonment and were induced under strong feelings of sympathy; and that he thought that he could rely upon the honor and integrity of public officials who made the promises to him. He concluded by further alleging that he had nothing to do with the crimes to which he pleaded guilty; that he is ignorant, unschooled and inexperienced; and that the incriminating statements elicited from him are inadmissible because they were obtained during a period of unlawful detention.
The record here establishes the fact that La Rocca was arrested on September 18, 1961. On September 27, 1961, the State Attorney filed an Information against him and others, charging them in two separate counts with the crimes of breaking and entering and grand larceny. On October 9, 1961, his attorneys filed their formal appearance as attorneys-of-record for La Rocca; and on the same day, upon arraignment with counsel, La Rocca entered a plea of not guilty. His case was set for trial on December 14, 1961. On March 7, 1962, La Rocca, present with his counsel, withdrew his plea of not guilty and entered a plea of guilty to the first count charging breaking and entering. On motion of the State Attorney, the court transferred the second count of the Information to the absentee docket. The court then entered judgment on the plea of guilty, and, on March 26, 1962, pronounced the sentence.
In order to have warranted the granting of the writ of error coram nobis, the facts shown by the petition and supporting affidavit must be such that, had they been known to the court prior to the entry of judgment, such facts would have prevented the judgment that was rendered. It is necessary that such facts, though existing at the time, were unknown to the court when the judgment was rendered and were not made known to the court because of actual dominating fraud, duress or other unlawful means actually exerted by some one not in privity with the petitioner or counsel, thereby preventing disclosure to the court in due season. The question of granting the writ rests in the sound judicial discretion of the trial court. The court should look to the reasonableness of the allegations of the petition and to the existence of the probability of the truth thereof. If a plea of guilty were rendered under circumstances Tnaking the judgment on the plea illegal, the remedy is by writ of error coram nobis. It has been held that the writ may issue on the ground that petitioner’s confessions and his testimony that they were voluntary were false and the result of duress. If another remedy exists, a writ of error coram nobis will not be granted. 7 Fla. Law and Practice, Criminal Law, § 6S2; Washington v. State, 1928, 95 Fla. 289, 116 So. 470; McCall v. State, 1939, 136 Fla. 349, 186 So. 803; Nickels v. State, 1924, 86 Fla. 208, 98 So. 497, 99 So. 121; House v. State, 1937, 127 Fla. 145, 172 So. 734; Chambers v. State, 1933, 113 Fla. 786, 152 So. 437; and Lamb v. State, 1926, 91 Fla. 396, 107 So. 535.
The State contends that La Rocca’s remedy was a motion to withdraw his plea of guilty as permitted by § 909.13, Florida Statutes, F.S.A.; and having failed to avail himself of that remedy, he may not now complain by petition for writ of error coram nobis, citing Ard v. State, Fla.1959, 108 So.2d 42. In Ard, the defendant en *67 tered a plea of guilty but then prior to sentence moved for leave to withdraw his plea of guilty. The court denied the motion. Subsequently, Ard filed his petition .for writ of error coram nobis. The Supreme Court affirmed the denial of the writ because there existed in the record, by virtue of the proceedings on the motion for leave to withdraw his plea of guilty, a complete record of the facts relied upon in the petition. Thus, Ard’s remedy was by appeal from the judgment based on the plea of guilty, in which appeal the order denying the motion for leave to withdraw his plea of guilty could have been reviewed; hence, the writ of error coram nobis was denied. In the case at bar, La Rocca did not make a motion for leave to withdraw his plea of guilty; and in the absence of such a motion, the record is devoid of the facts necessary to support an appeal endeavoring to raise the questions which he now raises in his petition for writ of error coram nobis. Under the provisions of § 909.13, Florida Statutes, F.S.A., the motion there contemplated should be made at any time before sentence.
A writ of error coram nobis was issued in Chambers v. State, supra, and in Nickels v. State, supra. We have compared the facts alleged by La Rocca with the facts in those cases. We find that the facts set forth in La Rocca’s Petition with supporting affidavit do not measure up to the standards established in the foregoing decisions. In Chambers, the writ was issued following the entry of a plea of guilty as to some of the defendants and after trial and conviction of one of the defendants. In that case, however, there were statements of facts which, if proven to have been true, would have warranted the conclusion that those defendants were not (in the true sense of the word) represented by counsel. La Rocca does not allege any facts to that effect, but to the contrary, he states that he was represented by counsel, and that he informed his attorney of the facts concerning his arrest, the assurances of probation, the threats of his co-defendant, and his confession, after which, while present with his attorney, he withdrew his plea of not guilty and entered a plea of guilty. In Nickels the writ was issued following the entry of a plea of guilty. However, in that case there were statements of facts which reasonably led to the conclusions that that defendant entered his plea because he was afraid of being killed, lynched by a mob or shot off of the witness stand and that that defendant was misled into believing that the death penalty could legally be imposed on him only after a verdict of guilty by jury trial and in that state of mind he entered the plea of guilty.
The statements of facts which La Rocca makes do not support the conclusion that all of these facts, which were known to La Rocca and to his attorney, were not made known to the court because of actual dominating fraud, duress or other unlawful means actually exerted upon La Rocca. The facts which he alleges do not show that his plea of guilty was induced by fear, misapprehension, persuasion, promises, inadvertence, or ignorance, and his statements to that effect are conclusions not substantiated by statements of fact. La Rocca’s statement that he had nothing to do with the crimes to which he pleaded guilty and that he is ignorant, unschooled and inexperienced are not supported by statements of fact to establish the reasonableness of those allegations, nor has he established the existence of the probability of the truth of such allegations. The record in this cause could reasonably lead to the conclusion that after full knowledge and understanding of all of the facts, including an understanding of the meaning and effect of the plea of guilty, La Rocca did so plead, thereby electing to pursue that calculated course with hopes and expectations for probation which did not materialize.
Affirmed.
SHANNON, C. J., and CARROLL, CHARLES, Associate Judge, concur.