13 So.2d 683

JOHNSON v. WILLIAMS, Warden.

3 Div. 396.

Supreme Court of Alabama.
June 1, 1943.

Rehearing and Stay Order Denied
June 3, 1943.

Walter S. Smith, of Birmingham, for appellant.

Wm. N. McQueen, Acting Atty. Gen., and Bernard F. Sykes, Asst. Atty. Gen., for appellee.

GARDNER, Chief Justice.

In April, 1943, Frank Johnson, this appellant, filed in the Circuit Court of Montgomery County, Alabama, a petition for habeas corpus to be directed to the Warden of Kilby Prison, where petitioner was confined under a judgment of conviction of the Circuit Court of Jefferson County for the offense of rape with infliction of the death penalty. The writ was issued by the trial judge, and a hearing had, at which the State's motion to dismiss the petition and quash the writ was granted. From this judgment of the circuit judge, petitioner has prosecuted this appeal.

Grounds of the petition, numbers 1, 2, 4, and 6, are based upon the theory that the petitioner was a member of the colored race, and that members of such race had been intentionally and systematically excluded, both from grand and petit jury service, solely on account of said race and color. It is not pretended that any matter involving the regularity of either the grand or petit jury was presented in the trial of this cause, either as originally conducted or on motion for a new trial. The record of that appeal, which is before us and of which, of course, we take judicial knowledge (Johnson v. State, 242 Ala. 278, 5 So.2d 632), discloses that no such question was involved.

Grounds 3, 5, 7, and 9, have reference to the matter of petitioner's confession, and the denial for a short period of time by the chief of police, when first incarcerated, of interview with attorney Ball. The opinion on the appeal of Johnson v. State, supra, contains a full answer to these contentions, and we think discloses a painstaking study of the record concerning them. It shows very clearly the matter of the interview had with attorney Ball had no connection with the defense of this case. But all this was fully reviewed on appeal and needs no repetition here.

Ground 8 is rested upon the theory that in fact no crime of rape was committed. We think a mere reading of the opinion of this Court on the appeal will suffice to show that this ground calls for no discussion.

The petition nowhere indicates that petitioner was not represented by able counsel in the trial of his cause. Indeed, a study of the record on his appeal to this Court fully justifies the statement found in the opinion to the effect that "his defense appears to have been vigorously prosecuted by counsel appointed by the court." Upon the trial of the habeas corpus proceeding, and upon the trial judge stating in open court his purpose to grant the State's motion to quash, counsel for petitioner was asked by the attorney for the State whether or not he wished to amend the petition. His reply was: "No, sir. I am standing on that petition."

The progress of this case through the courts is familiar history. After affirmance here of the judgment of conviction and after denial of the application for rehearing, other counsel entered the case and sought a review by petition for certiorari to the Supreme Court of the United States.

In response to his petition, this Court reset the date of execution on two separate occasions in order that ample time might be provided for due presentation of the petition to the United States Supreme Court. The petition for certiorari was duly presented to that court in June, 1942, and denied. Johnson v. State of Alabama, 316 U.S. 693, 62 S.Ct. 1299, 86 L.Ed. 1763. During the same month, a further stay of the date of execution was ordered by an Associate Justice of the Supreme Court of the United States in order that a rehearing of the petition might be had. The cause was again considered, and the rehearing denied. Johnson v. State of Alabama, 316 U.S. 713, 62 S.Ct. 1310, 86 L.Ed. 1778. Following this denial of rehearing, counsel filed petition for writ of habeas corpus in the United States District Court at Montgomery, and obtained a further stay. That court denied relief, and the following October, 1942, the United States Court of Appeals affirmed the District Court. Johnson v. Wilson, 5 Cir., 131 F.2d 1. Petitioner then presented the petition for habeas corpus in the State court which is now under review.

In Vernon v. State, 240 Ala. 577, 200 So. 560, 563, this Court, following previous decisions, held as follows: "Where the court proceeding and conviction under which the prisoner is held are of a court of competent jurisdiction and are regular on their face, it is not permissible to impeach the court's jurisdiction by parol testimony. It is only when invalidity appears on the face of the proceedings that it may be impeached on habeas corpus." The petition for habeas corpus, therefore, in the present case runs directly counter to that decision, and that conclusion alone should suffice for an affirmance of the judgment of the court below.

But we think more should be said. By the holding in Vernon v. State, supra, that the remedy by petition for habeas corpus was not available, it was not intended to indicate there was no remedy for one who claims that his incarceration is due to failure to observe that fundamental fairness essential to every concept of justice, even after a sentence has been duly affirmed by the highest court of the state. We recognize in this State, as does the Supreme Court of Florida (Hysler v. State, 146 Fla. 593, 1 So.2d 628), that the common law writ of error coram nobis is available in such instances and is the appropriate remedy to be followed. See 24

C.J.S., Criminal Law, § 1606. The rule in that State, which we think is just and proper, and is here adopted, calls for a petition to this Court, when the judgment of conviction has been here affirmed, for leave to petition the circuit court where the conviction was obtained for a writ of error coram nobis to review such judgment. Such application should make an adequate showing of the substantiality of the petitioner's claim to the satisfaction of this Court. A mere naked allegation that a constitutional right has been invaded will not suffice. The application should make a full disclosure of the specific facts relied upon, and not merely conclusions as to the nature and effect of such facts. The proof must enable this Court to "ascertain whether under settled principles pertaining to such writ the facts alleged would afford at least "prima facie just ground for an application to the lower court for a writ of error coram nobis." And in the exercise of our discretion in matters of this character, this Court should look to the reasonableness of the allegations of the petition and to the existence of the probability of the truth thereof. The Supreme Court of the United States in Hysler v. State of Florida, 315 U.S. 411, 62 S.Ct. 688, 691, 86 L.Ed. 932, said that "each State may decide for itself whether, after guilt has been determined by the ordinary processes of trial and affirmed on appeal, a later challenge to its essential justice must come in the first instance, or even in the last instance, before a bench of judges rather than before a jury", and that the procedure outlined above, which we have adopted from the Florida Court, meets the requirements of the due process clause of the Constitution.

In view of the history of this case and the rather lengthy protracted litigation, we have concluded that it was within our province, and, indeed entirely proper, that we consider the petition for writ of habeas corpus which is now before us as serving the purpose of a petition to be permitted to file a petition for writ of error coram nobis in the trial court. So considered, we think it wholly insufficient to make out a prima facie case for the granting of such a petition.

The authorities are uniform that the "writ of error coram nobis does not lie to enable accused to question the merits of the case, hence does not lie to correct an issue of fact which has been adjudi-

cated, even though wrongly determined." 24 C.J.S., Criminal Law, § 1606, p. 149. And errors concerning facts known to the court with reference to which the court acted at the time of the trial are not reviewable. 24 C.J.S., Criminal Law, § 1606, p. 148.

Many of the grounds which we have above enumerated simply seek to reopen questions which were fully considered and determined on the appeal to this Court. We consider further citation of authorities wholly unnecessary to sustain so plain a proposition of law.

The only matter presented in this petition not considered on the appeal relates to the attack upon the jury venire. As we have previously observed, no such question was presented upon the trial. Clearly enough, it now comes too late. This was forcibly demonstrated in the opinion in Vernon v. State, supra, that one may waive and does waive his constitutional rights if he fails to assert or claim them at the appropriate time and place, and according to the established course of procedure. That petitioner had the perfect right to present this question upon his trial is amply demonstrated by reference to our decisions beginning as far back as 1882 in Green v. State, 73 Ala. 26, and coming down to our latest authorities, Millhouse v. State, 232 Ala. 567, 168 So. 665; Vaughn v. State, 235 Ala. 80, 177 So. 553; Vernon v. State, 239 Ala. 593, 196 So. 96; Vernon v. State, supra; Powell v. State, 224 Ala. 540, 141 So. 201; and the principle that one may waive and does waive his constitutional rights if he fails to assert or claim them at the appropriate time and place, and according to the established course of procedure is equally recognized by the decisions of the Federal courts. This very question concerning the jury venire was presented and so determined in In re Wood, 140 U.S. 278, 11 S.Ct. 738, 35 L. Ed. 505, and Andrews v. Swartz, 156 U.S. 272, 15 S.Ct. 389, 39 L.Ed. 422, and the more recent case of Carruthers v. Reed, 8 Cir., 102 F.2d 933 (petition for certiorari denied by the United States Supreme Court in Carruthers v. Reed, 307 U.S. 643, 59 S. Ct. 1047, 83 L.Ed. 1523). See, also, the recent case of Adams v. United States, 317 U.S. 269, 63 S.Ct. 236, 87 L.Ed. ——, where this question is fully discussed. As forcibly pointed out in Vernon v. State, 240 Ala. 577, 200 So. 560, 563, under a contrary doctrine "no skilled lawyer would ever attempt to raise such question until after conviction."

We have been cited to no case, either State or Federal, holding to a contrary doctrine. Indeed, such a principle, once recognized, would utterly destroy the doctrine of res adjudicata so far as criminal cases are concerned, reduce the trial of a defendant charged with crime to a mere game of chance, and make a mockery of the courts. But we feel that further discussion is unnecessary. None of the grounds set up in the petition presents any matter subject to review by the writ of error coram nobis, and we again refer to the fact that petitioner has admitted in open court there were no other grounds.

Upon taking an appeal from the ruling of the circuit judge in dismissing his petition for the writ of habeas corpus, petitioner, through his counsel, petitioned this Court for a further stay of the execution of the sentence of the Court. Counsel forcibly presented in oral argument his contentions upon that petition which, he stated in open court upon the submission of this cause for final consideration, could be considered as his argument upon this submission, and written brief has also been filed. Upon original consideration of the appeal in Johnson v. State, supra, painstaking care was given to the record and to every question there presented. Likewise, we have carefully considered this appeal in both aspects; i. e., as an appeal from the denial of the writ of habeas corpus and as a petition to this Court for leave to present writ of error coram nobis in the trial court. This we have done that the oft repeated statement found in civil causes, "There must be an end to litigation," may also be made applicable to criminal cases. The alleged crime in this case was committed in January, 1941. Nearly two and a half years have gone by, and the case has dragged through the courts. We have made effort to give the matter full and final consideration with the hope that after this period of time, to use the language of the opinion of the United States Supreme Court in Hysler v. State of Florida, supra: "Leaden-footed justice had reached the end of the familiar trail of dilatory procedure."

We recognize the gravity of the situation so far as petitioner is concerned, for he has his life at stake. There can, of course, be no criticism either of him or his counsel. But due administration of the criminal law is also of great importance as affecting

society at large. The criticism does not lie with petitioner or his counsel, but with the method of criminal procedure which permits so long a delay from the period of conviction. In Rowley v. Welch, 72 App. D.C. 351, 114 F.2d 499, 504, the statement of Justice Holmes (dissenting in Kepner v. United States, 195 U.S. 100, 24 S.Ct. 797, 49 L.Ed. 114, 1 Ann.Cas. 655) approvingly cited in the notes, to the effect that "at the present time in this country there is more danger that criminals will escape justice than that they will be subjected to tyranny", is as applicable today as when uttered by Justice Holmes nearly forty years ago. But we forego further discussion.

Considered in any aspect of the case, the grounds set forth in the petition are wholly insufficient for any collateral attack upon the judgment of conviction, and our original conclusion of denial of any stay order is re-affirmed. It results, therefore, that the action of the circuit judge in dismissing the petition will be affirmed, and that treating it as a petition for leave to file petition for writ of error coram nobis, it is likewise wholly insufficient to justify any such action.

Affirmed.

Petition denied.

All Justices concur, except LAWSON, J., not sitting.