32 So.2d 659

## Ex parte TAYLOR.

## TAYLOR v. STATE.

I Div. 308.

Supreme Court of Alabama.

Nov. 13, 1947.

Rehearing Denied Dec. 4, 1947.

Nesbitt Elmore, of Montgomery, for petitioner.

668

A. A. Carmichael, Atty. Gen., and Bernard F. Sykes, Asst. Atty. Gen., for the State.

GARDNER, Chief Justice.

This is a petition for the issuance of the common-law writ of error coram nobis; the case being originally assigned to Mr. Justice Brown for study and preparation of an opinion.

Upon consideration of the cause in consultation, the members of the court were not in agreement with the views entertained by Mr. Justice Brown and of consequence a brief statement of the views of the majority is here appropriate.

The averments of the petition are set out with much detail in what is now the dissenting view of Justice Brown, and need no repetition here. The substance of the petition is that the confessions obtained from the defendant, Samuel Taylor, were involuntary as a result of threats and physical violence, from which he was placed in great fear and which fear continued up to and through the trial of the cause. This petition is sworn to and in support thereof

are the affidavits of one Johnnie Kimbrough, now twenty-two years of age, serving a ten-year sentence for robbery at Kilby Prison in Montgomery; Lawrence H. Franklin, Jr., now twenty-one years of age, who was incarcerated in the jail in Prichard at the time this defendant was arrested; and Calvin Jones, now nineteen years of age, and who was also under arrest and so incarcerated at the time of defenant's imprisonment. Upon this petition and these affidavits the court is asked to grant the writ of error coram nobis based solely upon the charge that the defendant was under duress at the time the confessions were made.

It appears that presumably out of due caution the authorities had soon after his arrest and immediately following his confession on July 3 had pictures of the defendant taken in a nude condition which are here exhibited, which disclose no indications on the body of any physical violence as set forth in the petition. But under the authorities this court is not to determine the truth of the allegations of the petition and we lay no particular stress upon the photographs here exhibited.

█ In passing upon the petition for writ of error coram nobis this court is in the exercise of a wise discretion and must look to the reasonableness of the allegations of the petition and to the existence of the probability of the truth thereof, and grant leave only when it appears that the proposed attack on the judgment is meritorious. 24 C.J.S., Criminal Law, § 1606.

We are fully mindful of petitioner's rights under the due process clause of the Federal Constitution and the responsibility resting upon this court in cases of this character. We not only are mindful of responsibility so far as this defendant is concerned, but also feel like responsibility to society in the enforcement of the criminal laws of our state. In Johnson v. Williams, 244 Ala. 391, 13 So.2d 683, 687, the petition sought for the first time to raise the question as to the regularity of the jury venire. This question was not presented upon the trial of the case. The holding there was that the objection came too late,

and numerous authorities are cited to the effect that one may waive, and does waive his constitutional right, if he fails to assert or claim it at the appropriate time and place and in accordance to the established course of procedure. We therein further observed: "We have been cited to no case, either State or Federal, holding to a contrary doctrine. Indeed, such a principle, once recognized, would utterly destroy the doctrine of res adjudicata so far as criminal cases are concerned, reduce the trial of a defendant charged with crime to a mere game of chance, and make a mockery of the courts."

█ Upon the trial of this cause the petition admits that the defendant was represented by able counsel. Upon a consideration of this cause in this court, as found reported in Taylor v. State, Ala.Sup., 30 So.2d 256,[1] the counsel appointed by the court for the defense diligently presented the questions raised in the record both by oral argument and in a full and complete brief, and a reading of the record, of which, of course, we take full notice here (Johnson v. Williams, supra), demonstrates that the defendant was ably represented. The question of confessions was duly treated. There were two or three of these confessions made at different times, one of which was signed by the defendant. Not only so, but the defendant having before him three or four girls pointed out this fourteen year old victim of his crime as the one whom he had assaulted. The question of the voluntary character of the confession was duly considered and treated in the opinion on former appeal. Nor did the record contain the slightest indication that the defendant, a Negro twenty years of age, was ignorant and in any manner subnormal.

The offense was committed in April, 1946, and defendant arrested the latter part of June of that year and on July 3, 1946, made his first confession. Later another confession was made before the Mayor of Prichard and others, in which he answered in detail the numerous questions asked by the solicitor. As pointed out on the former appeal this confession was also preceded by proof of its voluntary character. The

---

[1] Ante, p. 130.

record supports the holding as declared in the appeal that there existed not the slightest indication upon the trial of his case that there was a single threat offered or that he in any manner was under any character of duress upon the making of any of these confessions.

But in this case, as in the case of Johnson v. Williams, supra, defendant's conviction was not rested alone upon a confession. There was ample proof to sustain his conviction regardless of the confession. The fourteen year old girl positively identified him upon his arrest and upon the trial of the cause. She stated she knew he was the man. True she had mistakenly identified another Negro, but she pointed out the differences and was most positive on the trial in her statement that this defendant was the perpetrator of the crime. Not only so, there was clothing identified as that of the defendant and worn on that occasion. The trousers worn by defendant at the time were examined by the toxicologist, who testified to discovery of blood stains, as well as semen stains. Upon these matters there was no dispute.

 We recognize that the defendant was in the exercise of a constitutional right in declining to take the stand and subject himself to cross-examination as a witness. But, nevertheless, in consideration of this petition we cannot close our minds to the fact that the defendant not only made no denial of his guilt but offered absolutely no proof as to his whereabouts when this crime was committed. And we should bear in mind the well-established rule in considering petitions of this character, the writ is not intended to relieve a party from his own negligence, and that facts known to the accused at the time of trial, and not brought to the court's attention through his negligence, afford no ground for relief. 24 C.J.S., Criminal Law, § 1606. Petitioner now asks this court to permit the lower court to reopen this cause upon the grounds that his confessions were involuntary—a confession obtained on July 3, 1946, his trial not until October 29, 1946. He was represented, as he admits and as this court knows, by able counsel, and yet he states in his petition that he told his counsel that the confessions were not involuntarily obtained. To excuse this conduct on his part he asks this court to believe that he so stated to his counsel because of fear generated by treatment he had received several months before, on July 3, 1946. Petitioner was a Negro twenty years of age. The girl a white girl fourteen years of age. The trial was conducted with much care. There is nothing in the record on former appeal to indicate the slightest appeal to prejudice, nor was a single untoward incident recorded. We think it is asking entirely too much of the court to believe that this defendant, in the secrecy of consultation with his own able counsel, would say to counsel in substance that there was nothing upon which to base an objection to his confessions, solely because he was under fear generated by treatment which he claims was accorded him on July 3, nearly four months previous.

 As we have observed, the court should look to the reasonableness of the allegations of the petition and to the existence of the probability of the truth thereof. And it must also be made to appear that the proposed attack on the judgment of conviction is meritorious. The writ was not designed to enable the guilty to escape punishment. 24 C.J.S., Criminal Law, § 1606. As we have observed there was ample evidence, aside from the confessions, upon which a verdict of guilt could well be rested, and the averment of the petition that his conviction was rested upon the confessions is unsustained by the record. The court should also bear in mind this writ is only due to be granted when it is made clearly to appear that petitioner has a valid defense. 24 C.J.S., Criminal Law, § 1606. Giving due consideration to petitioner's constitutional right not to testify and upon the trial make a denial of his guilt, we nevertheless are impressed that in the carefully prepared petition here presented there appears no positive statement of denial of guilt or present protestation of innocence.

 But we forego further discussion. Upon due consideration we conclude that the averments of the petition are unreasonable and that there is no probability of truth contained therein, and that the pro-

posed attack upon the judgment is not meritorious.

We, therefore, conclude that the petitioner has not made out a case which calls upon this court to grant leave to file the writ of error coram nobis, and it will accordingly be here denied.

Petition denied.

FOSTER, LIVINGSTON, LAWSON, SIMPSON and STAKELY, JJ., concur.

BROWN, J., dissents.

BROWN, Justice (dissenting).

This is an original application to this court for leave to file a petition for the common-law writ of error coram nobis in the Circuit Court of Mobile County, wherein petitioner was tried and convicted of a capital felony and sentenced to suffer death by electrocution, which said judgment was affirmed here on the 24th day of April, 1947, the style of the case being Taylor v. State, ante, p. 130, 30 So.2d 256.

The defendant's petition alleges that he was arrested by police officers of Prichard, Alabama, at 11:30 p. m. on June 29, 1946, and at the time of his arrest three other men, towit, Lawrence H. Franklin, Johnnie Kimbrough and Calvin Jones, were also arrested and incarcerated in the city jail of Prichard, Ala. That before they were "docketed" or placed in a cell, police officers on duty at that time whose names are unknown to petitioner "beat, kicked and bruised your Petitioner and said three men in an effort to obtain a confession of a robbery. That after Petitioner and the three other prisoners were docketed they were taken by said police officers one at a time in a small room in said jail. That all four of said men were brutally beaten, kicked and bruised in an effort to obtain said confession. That your Petitioner did, in fact, confess to said robbery but that after he had made this confession, he was retained in said room in the Prichard, Alabama, jail by said police officers and told that he must make a confession of the rape for which he was later convicted and sentenced by the Circuit Court of Mobile County as aforesaid. That he was further beaten, kicked and bruised by said police officers but refused to make a confession of said rape. That he was thereafter returned to his cell in the said City Jail at Prichard, Alabama, by said police officers at an early hour in the morning of Sunday, June 30, 1946. That he was not further molested throughout the day of said Sunday but that during the late hours of Sunday night, June 30, 1946, and early morning July 1, 1946, he was further beaten, bruised, threatened and intimidated by the police officers of the City of Prichard, Alabama, and was told he must confess to said rape. That your Petitioner still refused to make a confession of said crime although he was beaten, bruised and threatened as aforesaid. That said mistreatment and questioning by the police officers of the City of Prichard continued for a period of several hours and upon Petitioner's failure to confess to said crime he was again returned to his cell where he was left unmolested throughout the day of Monday, July 1, 1946. That on the night of Monday, July 1, 1946, and the early morning of Tuesday July 2, 1946, Petitioner was again subjected to similar mistreatment and questioning as on the previous night. Again your Petitioner maintained his innocence of said crime and after several hours was returned to his cell where he was left unmolested until the night of Tuesday, July 2 and early morning of Wednesday, July 3, 1946. On that night he was again visited by the police officers of the City of Prichard as aforesaid and was subjected to more brutal and cruel beatings and mistreatment. He was told unless he did confess to the crime of rape as aforesaid he would be continually subjected to such brutal mistreatment and intimidation until he did, in fact, confess to said crime. That your Petitioner was so fearful for his life, health and safety that he made a confession of said crime in the early morning hours of Wednesday, July 3, 1946. He was told by said police officers of the City of Prichard that if he made any mention of the fact that he was beaten and mistreated as aforesaid that he would be subjected to even more cruel beatings and mistreatment. That at approximately 3 o'clock in the morning of July 3rd, 1946, Petitioner was

brought in to a carefully selected and arranged group for a formal confession of said crime of rape. That none of the persons who witnessed said formal confession which was later introduced in evidence on the trial of said cause as aforesaid, had any knowledge of the fact that Petitioner had been beaten, threatened, abused and mistreated by the police officers of the City of Prichard as aforesaid, in order to obtain said confession, with the exception of Prichard Police Sergeant 'Buster' Wilkes who had participated in the beatings of Petitioner since his arrest on Saturday, June 29, 1946. That said Sergeant 'Buster' Wilkes perjured himself on the trial of said cause by falsely testifying that Petitioner was not subjected to any mistreatment in connection with making said confession. Attached hereto and made a part hereof, marked 'Exhibit A', is an affidavit of Johnnie Kimbrough, substantiating the above facts. Attached hereto and made a part hereof, marked 'Exhibit B' is an affidavit of Lawrence Franklin, substantiating the above facts. Attached hereto and made a part hereof, marked 'Exhibit C', is an affidavit of Calvin Jones, substantiating the above facts.

"That your Petitioner was put in such great fear for his future safety after having been subjected to such mistreatment as aforesaid, and after having been threatened with even worse physical mistreatment by the police officers of the City of Prichard as aforesaid if your Petitioner did mention said beatings to any person, that he failed and refused by reason of such fear to mention this mistreatment and extortion of said confession from him to his attorney who was appointed by the Court to defend him on the trial of said cause in the Circuit Court of Mobile County as aforesaid. That your Petitioner at that time was ignorant of his rights and was wholly ignorant of court procedure and had no knowledge of his rights or how to protect his interests. That when your Petitioner was asked by his said attorney who represented him on the trial of said cause as aforesaid if he was mistreated or beaten in any fashion by the law enforcement officers in connection with the giving of said confession he replied in the negative, being uneducated and ignorant as aforesaid, and fearful of further reprisals by said police officers. That while he (was) ably represented on the trial of said cause in the said Circuit Court of Mobile County, Alabama, by said attorney, his attorney was unaware of the facts averred above relating to said confession, and after having been told by your Petitioner that he was not subjected to any mistreatment, said attorney had no reason to inquire into the above facts and could not have through diligence discovered the above facts."

The petition further alleges that the attorney now representing petitioner had no connection with the case until after petitioner's conviction and the affirmation of the case by the Supreme Court of Alabama. And alleges that his "imprisonment, conviction and sentence of death and his present imprisonment is the result of a deprivation of due process of law and of his rights guaranteed to him by the Constitution of the State of Alabama and his conviction, sentence of death and his present imprisonment is the result of deprivation of rights guaranteed to your Petitioner by the Constitution of the United States of America, in that the law enforcement officers of the State of Alabama obtained his conviction by the introduction in evidence at the trial of said cause a confession which was forcibly extorted from your Petitioner as aforesaid, thereby denying to him due process of law and the rights guaranteed to him by and under the Constitution of the State of Alabama and the Fourteenth Amendment of the Constitution of the United States of America."

This application for leave to file the petition for writ of error coram nobis was submitted on the motion of the attorney general to dismiss the petition on numerous and sundry grounds, among others, that the "allegations of said petition are not sufficient as a matter of law to cause this court to grant the relief therein prayed for," together with affidavit of Nelson E. Grubbs, Associate Toxicologist, and photographs of the petitioner exhibited, which were taken on the 3d day of July, 1946, at "5:37 P.M. o'clock," without countervailing evidence by affidavit or otherwise.

The effect of the motion to dismiss is to confess the truth of the allegations of the petition for the purpose of said motion.

The petition sets up facts extraneous of the record and is supported by the oath of petitioner and affidavits of three witnesses who claim to have knowledge of the facts and the affidavit of Nelson E. Grubbs, the Toxicologist, and the photographs taken according to his affidavit on "3rd day of July, 1946, at 5:57 P.M. o'clock." The verified petition, said affidavits and photographs will be treated as evidence. Ex parte Green, Superintendent of Banks, 221 Ala. 298, 129 So. 72.

It seems to be well settled that the writ of error coram nobis will not reach facts actually determined in the original proceeding nor will it lie when a proper remedy is afforded by appeal or ordinary writ of error nor for false testimony at the trial. The function of a writ of error coram nobis. is limited to error of fact for which the statute provides no other remedy, which fact did not appear or was unknown to the court when judgment was pronounced and if known would have prevented the judgment and which was unknown and could not have been known to the petitioner by the exercise of reasonable diligence in time to have been otherwise presented to the court, *unless he was prevented from so presenting them by duress, fear or other sufficient cause.* This court is not called upon to determine the truth of the allegations of the petition for leave to file application for writ of error coram nobis in the circuit court. But will examine the petition in connection with the record in this court on appeal of said cause. The question presented to us is whether or not the allegations of the petition make adequate showing of substantiality of the petitioner's claim to enable the court to determine whether the facts alleged would afford prima facie just grounds for application to the circuit court, whether the allegations of the petition supported by the affidavits and other evidence show a probability of the truth thereof. Ex parte Burns, 247 Ala. 98, 22 So.2d 517; Chambers et al. v. State, 113 Fla. 786, 152 So. 437; Ex parte Lee, 248 Ala. 246, 27 So.2d 147.

It is well settled in Alabama that extra-judicial confessions alleged to have been made by a defendant charged with crime are presumed to be involuntary and the burden is upon the state to show that they are voluntary. Jackson v. State, 226 Ala. 72, 145 So. 656. In Redd v. State, 69 Ala. 255, 259, it was observed:

"* * * The settled rule of this court is, that all such confessions are prima facie involuntary, and they can be rendered admissible only by showing that they are voluntary and not constrained—, or, in other words, free from the influence of fear or hope, applied to the prisoner's mind by a third person. Murphy v. State, 63 Ala. 1; Johnson v. State, 59 Ala. 37; Porter v. State, 55 Ala. 95; Clark's Man. Cr.Law, § 2480; Clark's Cr.Dig. § 326; 1 Brick.Dig. p. 509, § 859. It is no sufficient objection that they are elicited by mere adjurations to speak the truth, for this may be properly construed as advice to assert *innocence,* as well as to confess *guilt.* Aaron v. State, 37 Ala. 106; King's case, [King v. State], 40 Ala. 314; Whart. Cr.Ev. §§ 647, 672. Nor are confessions rendered inadmissible by the mere fact of being made to sheriffs, constables, jailors, or other officers of the law having the legal custody of the prisoner. Aaron's case, supra; Whart.Cr.Ev. §§ 647, 649. The true test is, whether, under all the surrounding circumstances, they have been induced by a threat or promise, express or implied, operating to produce in the mind of the prisoner apprehension of harm or hope of favor. If so, whether true or false, such confessions must be excluded from the consideration of the jury as having been procured by undue influence. Whart. Cr.Ev. § 673; Porter v. State, 55 Ala. 95. * * *

"'So when a confession has been once obtained through the influence of hope or fear, confessions of a similar character subsequently made, as is uniformly held, may be inferred to have originated from the same motive, and in the absence of evidence to the contrary showing that the original influence had ceased, or been dispelled, they are inadmissible.' Redd v. State, supra (69 Ala. 255); Note 6 Am.St.

Rep. 249." [Italics supplied.] Jackson v. State, supra.

The record on petitioner's appeal shows that on the trial of the petitioner the state was allowed to prove alleged confessions made by the defendant by Mayor Dismuke, Ben Dixon, G. M. Porter and Chief of Police E. C. Anderson on predicates that at the time the confession was made in their presence, commencing on July 3d at 3 o'clock A.M. and at other times subsequently thereto, no abuse was administered, no threats made nor promises of reward or other inducements were made or offered to induce the defendant to confess. While it appears that the attorney appointed by the court to represent the defendant on the trial strenuously cross-examined some of these witnesses as to what had previously occurred, the only admission that he obtained from any of them was from G. M. Porter, who gave the following answers to the following questions:

"Q. Had you been talking to him (the defendant) about this case? A. I had not.

"Q. Had anyone else to your knowledge been talking to him about this case? A. Not to my knowledge. I couldn't say. I know they had but I couldn't swear. * * * "

The witness Dismuke testified that the defendant when making his confession of the crime was friendly and was smiling.

Sergeant Wilkes of the Police Department was examined by the state, his testimony going to show that he was on duty at the time of defendant's arrest and in charge of police headquarters and jail wherein petitioner was incarcerated after his arrest, and that the prosecuting attorney came to the jail at the time when the prosecutrix was present and five Negro prisoners, including the petitioner, were brought in and lined up and carried into the office of the sergeant, apparently for the purpose of forcing the defendant to identify his alleged victim and give evidence against himself. Smith v. State, 247 Ala. 354, 24 So.2d 546. Sergeant Wilkes was not interrogated by the solicitor in respect to whether or not the defendant was abused, corporal punishment inflicted on him or whether he was made any offer of reward or hope of benefit to induce him to confess prior to the morning of July 3d at 3 o'clock A.M. On cross-examination by defendant's attorney, Wilkes (referring to defendant) testified that the occasion on which the case was broken was 3 o'clock in the morning of July 3, 1946, and defendant's attorney asked the witness:

"Had you been, let us say, interrogating this boy prior to that time? A. I talked to him previous, about 9 o'clock that night."

The witness was then asked:

"Q. And along about three he saw the light and decided he wanted to talk to you, is that right? (The solicitor objected to this question, was sustained and defendant's counsel withdrew the question.)

"Q. Was it about 3 o'clock in the morning when he decided to talk to you about this case? A. Yes, sir.

"Q. And that was when you realized that the case had been broken, was it? A. That is right. * * * "

The photographs show marks on the defendant's body on his right side, on his neck, on his thigh and across his breast. Two of the photographs were taken when he exposed the right side of his body to the camera; two exposed the front of his body; one exposed his back with the exception of his head from the ears up and his legs from the rump down. In the pictures taken from his exposed left side, the top of his head from the hairline up was not shown and the last picture (Exhibit 8) was taken with two men standing belly to belly with the prisoner, the expressions on their faces indicating hostility with the prisoner apparently forcing his face into a smile. This photograph gives character to the testimony of the witness Dismuke that when petitioner was brought into his presence at 3 o'clock in the morning of July 3d, he was smiling and very friendly. This, although he was at the time confessing his guilt of a crime that was calculated to send him to the electric chair.

The prisoner did not take the stand and testify in his own behalf. He could only become a competent witness at his own election, and by virtue of the statute his failure to so elect created no presumption "against him on his trial or other criminal proceedings." Code of 1940, Title 15, § 305.

The petition considered in the light of the record shows a reasonable probability of the truth of the allegations in the petition and entitles petitioner to leave to seek relief in the trial court. Brown v. State, 32 Ala.App. 500, 27 So.2d 226; Chambers et al. v. State, 113 Fla. 786, 152 So. 437; Chambers v. State, 136 Fla. 568, 187 So. 156. If the petitioner in his application must affirm his innocence and make proof rebutting the implications of guilt arising from the judgment of conviction procured by use of coerced confessions before he can obtain leave to file a petition for the writ of error coram nobis to establish want of due process under the constitution, as the majority opinion holds, the guarantees of the constitution become as "sounding brass and tinkling cymbal"—mere platitudes— without force or substance and a defendant put on the "rack" and forced to confess his guilt is without remedy or hope. Chambers et al. v. State of Florida, 309 U.S. 227, 60 S.Ct. 472, 84 L.Ed. 716.

I am, therefore, of the opinion that leave should be granted to petitioner to file his application for writ of error coram nobis in the Circuit Court of Mobile County wherein he was tried, convicted and sentenced to death and respectfully dissent.