191 So.2d 828

**William Henry HOLLOWAY**

v.

**STATE.**

**5 Div. 675.**

Court of Appeals of Alabama.

Oct. 25, 1966.

William Henry Holloway, pro se.

Richmond M. Flowers, Atty. Gen., and David W. Clark, Asst. Atty. Gen., for the State.

CATES, Judge.

This appeal from denial of coram nobis came on for submission on briefs on October 13, 1966.

We adopt the opinion and affirm the order of the Honorable L. J. Tyner, the Circuit Judge to whom Holloway presented his petition for the writ:

"On April 21, 1966 the petitioner filed in this Court an instrument entitled 'Petition for writ of error coram nobis'. The only ground of the petition is that petitioner 'was denied "due process of law" as is guaranteed by the Fourteenth Amendment, made obligatory upon the State by the error of the trial Court in not applying the laws and statutes of Alabama, mainly the laws concerning an indictment in Alabama'.

"The record in this case shows the following: that the petitioner was indicted by the Grand Jury of Macon County, Alabama at the 1965 Spring term of Court for Burglary in the second degree and Grand Larceny. When the petitioner was called for arraignment on April 26, 1965

the Sheriff advised the Court that the petitioner was in Kilby Prison. The Sheriff was instructed by the Court to notify the warden to have the petitioner in Court at 9:00 A.M. on Monday, May 3, 1965. On April 28, 1965 an order was made by the Court to have the petitioner transported from Kilby Prison to the Macon County, Alabama jail so that the petitioner could be present for arraignment and trial on May 3, 1965. On April 28, 1965 the Court appointed Hon. James M. Rea, an experienced attorney, to represent the petitioner at the arraignment and throughout the trial of the case and thereafter should an appeal be taken.

"On May 3, 1965 the petitioner, in the presence of his attorney, was duly and formally arraigned under the indictment of the Grand Jury charging him with Burglary in the second degree and Grand Larceny. The petitioner in the presence of his attorney and with the consent and approval of his attorney entered a plea of guilty as charged. Before accepting said plea, however, the Court carefully advised the petitioner of all of his Constitutional rights. Nevertheless the petitioner stated that he was guilty and wished to enter a plea of guilty and the Court thereupon entered defendant's plea of guilty and a judgment so adjudging defendant guilty. Thereupon the Court asked the defendant (petitioner) if he had anything to say why the sentence of the law should not then be pronounced upon him, and said nothing. Thereupon the defendant (petitioner) was formally sentenced to the penitentiary of the State of Alabama for a term of two (2) years. The Court then ordered the defendant (petitioner) returned to Kilby Prison where he was serving a prior sentence.

"The Court is unable to understand from petitioner's petition in this case why said petition for writ of error coram nobis should be granted. The indictment was not demurred to or in any other way attacked. The indictment was in proper form. The Court stressed to this petitioner that he did not have to plead guilty, that he had a right to trial by jury with his Court appointed attorney representing him; that should the jury find him guilty he had a right to appeal with an attorney representing him; that the Court did not wish him to plead guilty unless he was guilty.

"The Court has carefully considered said petition for writ of error coram nobis and is of the opinion that this defendant (petitioner) was accorded every right and consideration to which he was entitled under the State and Federal laws, and that said petition should be denied.

"IT IS THEREFORE CONSIDERED, ORDERED, AND ADJUDGED by the Court as follows:

"1. That said petition for writ of error coram nobis filed in this Court on April 21, 1966 be and the same is hereby denied and dismissed, and costs taxed against the petitioner."

Unlike Couch v. State, 43 Ala.App. 707, 198 So.2d 308 (March 22, 1966), reversed with Per Curiam opinion, we note that no claim was made of any specific act done by any person connected with the prosecution or acting for it. Hence, no duress inducing Holloway's plea of guilty in open court such as existed in Lynumn v. State of Illinois, 372 U.S. 528, 83 S.Ct. 917, 9 L.Ed.2d 922, was made to appear.

See Busby v. Holman, 5 Cir., 356 F.2d 75, and Woodard v. State, 42 Ala.App. 552, 558–560, 171 So.2d 462, 469–472. Also, Holloway made no allegation of a valid defense to the original indictment. Ex parte Taylor, 249 Ala. 667, 32 So.2d 659.

The judgment below is

Affirmed.