203 So.2d 448

**Franklin E. ADAMS**

v.

**STATE of Alabama.**

**1 Div. 480.**

Supreme Court of Alabama.

Oct. 26, 1967.

Franklin E. Adams, pro se.

MacDonald Gallion, Atty. Gen., and Paul T. Gish, Jr., Asst. Atty. Gen., for the State.

MERRILL, Justice.

Appellant pleaded guilty to the charge of robbery and received a life sentence. He appealed and the conviction was affirmed in Adams v. State, 279 Ala. 608, 188 So.2d 914, July, 1966. On August 9, 1966, he filed a petition for writ of error coram nobis in the Circuit Court of Mobile County. The trial court granted the State's motion to dismiss the petition and this appeal followed.

The motion of the State to dismiss was based upon the fact that the court's own records showed that some of the allegations were not correct and that the petition did "not raise any new points or questions that were not raised or which could not have

been raised by the petitioner at the time of the trial and the appeal."

 The trial court properly dismissed the petition. Most of the allegations referred to matters which could have been raised at his trial on the charge of robbery.

■ The writ of error coram nobis is not intended to relieve a party from his own negligence, and facts known to the accused at the time of trial, and not brought to the court's attention through his negligence, afford no ground for relief. Eagen v. State, 280 Ala. 438, 194 So.2d 842; Ex parte Taylor, 249 Ala. 667, 32 So.2d 659.

Paragraph 8 of the petition reads:

"The judgment entry affirmatively shows on its face that the judge erred when he imposed sentence of life imprisonment upon petitioner in the absence of a jury's verdict. Under Alabama law it is mandatory that a jury fix the punishment in a capital case."

■ The falsity of this allegation is shown in our opinion in Adams v. State, 279 Ala. 608, 188 So.2d 914, where we said:

"Thereafter on December 8, 1964, a jury found Adams guilty of robbery and fixed his punishment at life imprisonment. Adams was adjudged guilty of the offense of robbery and sentenced in accordance with the jury's verdict. The court-appointed attorney was present through the trial and at time of sentence."

We rechecked the original record and it shows that the trial judge questioned the defendant personally as to his understanding that he was changing his plea from not guilty to guilty. Witnesses were presented by the State to prove a strong case of robbery. Counsel for the State and the defendant argued the case to the jury. In his charge to the jury, the judge told the jury that the defendant's counsel had enjoyed "one of the most extensive criminal practices of any lawyer in the City of Mobile."

The judge also charged that the case was being presented to the jury with the recommendation that there be a life sentence, based upon discussions and an understanding between the District Attorney and the defendant and his counsel. The jury returned a verdict in accordance with the recommendation in the presence of the defendant, and the defendant was then sentenced in the presence of the jury.

The trial court correctly dismissed the petition because it showed on its face that it presented no ground for relief.

Affirmed.

LIVINGSTON, C. J., and SIMPSON and HARWOOD, JJ., concur.