Appeal from denial of writ of error coram nobis.
The appellant was convicted on May 3, 1972, for the shotgun slaying of Cassie Lee Davis. He was sentenced to death in that case. However, on appeal to this court that sentence was modified to life imprisonment due to the intervening decision of the United States Supreme Court in Furman v. Georgia,408 U.S. 238, 92 S.Ct. 2726, 33 L.Ed.2d 346 (1972). Thigpen v.State, 50 Ala. App. 176, 277 So.2d 922 (1973). No further appeal was taken.
While serving the life sentence imposed in Thigpen I, the appellant and a number of other prisoners escaped from Holman Prison on April 16, 1975. The next day the body of an elderly farmer was found in a deserted barn three miles from the prison. The farmer had been beaten to death with a blunt instrument and also had a "v-shaped" laceration to the skull which appeared to have been made by an ax or hatchet found at the scene.
The appellant was charged with that murder and tried under Title 14, § 319, Code of Ala. 1940, which provides for a mandatory death sentence where a prisoner is convicted of first degree murder while serving a life sentence. The appellant was duly tried, convicted, sentenced to death, and appealed to this court which affirmed the conviction. Thigpen v. State, Ala.Cr.App., 355 So.2d 392 (1977), affirmed, Ala.,355 So.2d 400.
Having failed to overturn the conviction and death sentence in Thigpen II in this court and the Alabama Supreme Court, the appellant now attempts a collateral attack on his original conviction in 1972 in Thigpen I.
 I
The appellant contends that he was erroneously denied funds for expert witnesses and investigative services at the coram nobis hearing. He contends that his federal Sixth Amendment right to effective assistance of counsel is meaningless when his counsel is not afforded the basic tools with which to present a viable argument. It has been repeatedly held that a denial of funds to pay defense experts for investigators and the assistance of experts does not amount to a deprivation of constitutional rights. Harris v. State, Ala.Cr.App.,352 So.2d 460, affirmed, Ala., 352 So.2d 479 (1977); Johnson v. State, Ala.Cr.App., 335 So.2d 663, cert. denied, Ala., 335 So.2d 678, cert. denied, 429 U.S. 1026, 97 S.Ct. 649, 50 L.Ed.2d 629
(1976); Tillis v. State, 292 Ala. 521, 296 So.2d 892 (1974).
The appellant was represented by appointed counsel during the coram nobis proceedings pursuant to Alabama law for defense of indigents, § 15-12-23, Code of Ala. 1975. There is no statutory authority in Alabama to provide funds for investigators and expert witnesses, and as stated in Harris, supra, this is a matter which addresses itself to the legislature rather than to the courts.
 II
The appellant contends he was denied due process and equal protection of the law by virtue of systematic exclusion of blacks, women, and people of low income from the grand and petit jury venires in connection with the original trial inThigpen I. This issue has been raised for the first time on petition for writ of error coram nobis. It was not raised in the trial court in the original trial nor on appeal. As stated in Manson v. State, Ala.Cr.App., 349 So.2d 67, cert. denied, Ala., 349 So.2d 86 (1977):
 "`[F]ailure by the defendant in a criminal case to raise proper objection to the composition of a grand or petit jury, including, but not limited to, the constitutional ground of the jury selection process, before entering upon the trial of the case on its merits, constitutes a waiver of his right to do so, subject, of course, to the recognized exceptions of fraud and as to matters which were not known, or by the exercise of due diligence, could not have been known, before trial.'" *Page 387 
Accord: Williams v. State, Ala., 342 So.2d 1328 (1977); VanAntwerp v. State, Ala.Cr.App., 358 So.2d 782, cert. denied, Ala., 358 So.2d 791 (1978); Andrews v. State, Ala.Cr.App.,359 So.2d 1172 (1978); Johnson v. Williams, 244 Ala. 391,13 So.2d 683 (1943).
The appellant's retained attorney at his original trial testified at the coram nobis hearing that he did not think it necessary at the original trial to file an objection to the composition of the grand and petit jury venires. He testified that now, in retrospect, he still thinks that it was unnecessary to file an objection. As observed in Creel v.State, 53 Ala. App. 226, 298 So.2d 647 (1974), the office of the writ of error coram nobis is not to retry indictments, rather it is to root out egregious fraud or collusion. Also see:Fuller v. State, Ala.Cr.App., 344 So.2d 216 (1977). There has been no showing of fraud in the composition of the jury venires, nor has there been any evidence tendered remotely pointing to a fraudulent collusion which led to the appellant's original conviction. In the absence of fraud, matters which were known at the time, or which could have been discovered by exercising due diligence, cannot be raised on petition for writ of error coram nobis.
 III
The appellant contends that the trial court committed error by refusing to hear evidence at the coram nobis hearing pertaining to exclusion of prospective jurors opposed to capital punishment in the original trial. That issue was reviewed by this court on the original appeal and decided adversely to the appellant. Thigpen I, supra. The appellant did not petition the Alabama Supreme Court for writ of certiorari, and no further appeal was taken from the decision of this court. Coram nobis does not take the form of a delayed appeal.Swain v. State, 285 Ala. 292, 231 So.2d 737, vacated in part,408 U.S. 936, 92 S.Ct. 2860, 33 L.Ed.2d 753, on remand,290 Ala. 123, 274 So.2d 305 (1973); Ex parte Rudolph, 276 Ala. 392,162 So.2d 486, cert. denied, 377 U.S. 919, 84 S.Ct. 1185,12 L.Ed.2d 188 (1964); Seagroves v. State, 53 Ala. 481,301 So.2d 245 (1974); Braswell v. State, 53 Ala. App. 645, 303 So.2d 145
(1974); Kelly v. State, 45 Ala. App. 144, 277 So.2d 141 (1969).
AFFIRMED.
All the Judges concur.