BOWEN, Judge.
Petition for Writ of Error Coram Nobis.
On May 14, 1976, the petitioner was separately indicted on three cases of first degree murder and one case of robbery. He interposed pleas of not guilty to all four charges, but on August 30, 1976, he changed his pleas to guilty in each case and was sentenced to four concurrent life terms by the trial court.
On December 1, 1978, the petitioner filed pro se a document styled “Petitioner For a Writ of Habeas Corpus”, in which he alleged that his guilty pleas were involuntary because he was under the impression that he could receive the death penalty when, in fact, he could not. The trial court and the petitioner agreed to treat the writ as a Writ of Error Coram Nobis. Counsel was appointed to represent the petitioner and a hearing was conducted to consider the merits of the petition. The trial court denied the petition and oral notice of appeal was given. Appointed counsel was also provided for this appeal.
At the hearing the petitioner testified that he pled guilty because “I was guilty of committing a crime.” A conflict then arose in the petitioner’s testimony. He testified on the one hand, “I was confronted with the fact that if I didn’t plead guilty to a life sentence, I would end up with the electric chair”. He stated that his court appointed lawyer on two of the four cases against him, the Honorable Thomas P. Anderson, told him he was charged with a capital offense for which he could get the electric chair. On the other hand, the petitioner testified that Mr. Anderson “told me that the odds was against me and that if I copped out for life I probably could get out within eight years parole instead of going to the Grand Jury with the case and taking a chance of getting a life sentence ”. (Emphasis added). He further stated that he had told the trial judge who took his guilty pleas, the Honorable Charles M. Nice, that he was satisfied with his court appointed lawyers “because I felt like what the attorneys was (sic) telling me was — would help me, you know”.
The petitioner admitted that Mr. Anderson read to him the contents of State’s Exhibit 1, an Ireland form, and that he signed it, but maintains he “was frightened and . . . wanted to hurry up and get it over with. ... I guess I was listening and then I wasn’t, you know.” The petitioner further testified that he went “as far as the eighth grade” in school.
Mr. Anderson testified that he worked on all four cases the petitioner pleaded guilty to with the Honorable Reid Barnes and that he went over the Ireland form with the petitioner. He stated that “to the best of my recollection” the petitioner did not ask him any questions about the ramifications of his guilty plea after the Ireland form was read to him. He further testified that at no time did he or anyone in his presence tell the petitioner that he was charged with a capital offense for which he could face the electric chair. Capital punishment was not discussed. The petitioner was not indicted under the Alabama Death Penalty Act. Alabama Code Section 13-11-2 (1975).
After the parties left, Judge Nice stated for the record that he had never taken a guilty plea without going through the Boy-kin questions and getting an Ireland form from the defendant.
*1234 I
A transcript of the proceedings on August 30, 1976, the day the guilty pleas were taken, was not introduced in the hearing on the petition. However, the testimony recorded at the February 9th hearing and petitioner’s signed Ireland form constitute sufficient information for this Court to determine that the petitioner’s writ was correctly denied.
II
A mere naked allegation that a constitutional right has been invaded will not suffice to authorize the granting of the relief requested in a petition for writ of error coram nobis. Johnson v. Williams, 244 Ala. 391, 394, 13 So.2d 683 (1943). An application for error coram nobis should make a full disclosure of the facts relied upon, not mere conclusions as to the nature and effect of facts. Thomas v. State, 274 Ala. 531, 150 So.2d 387 (1963). The petitioner bears the burden of submitting clear, full and satisfactory proof which extends beyond a mere balancing of probabilities to clearly and convincingly satisfy the court of the merits and allegations of the petition. Summers v. State, 366 So.2d 336, 343 (Ala.Cr.App.1978), cert. denied, 366 So.2d 346 (Ala.1979).
 From the petitioner’s testimony in this matter, we have before us not only the bare allegation that he pleaded guilty because his court appointed lawyer told him he could face the electric chair if he didn’t, but also a glaring contradiction in the petitioner’s own testimony in support of that allegation. The allegation of involuntariness is not supported by any evidence other than petitioner’s testimony. This inconsistency alone would have provided a basis for the trial judge to correctly deny the writ.
The petitioner freely admits his guilt of the three murders and one robbery. The writ of error coram nobis was not designed to enable the guilty to escape punishment and should be granted only when it is made clearly to appear that a petitioner has a valid defense. Ex parte Taylor, 249 Ala. 667, 670, 32 So.2d 659, affirmed, 335 U.S. 252, 68 S.Ct. 1415, 92 L.Ed. 1935 (1947).
There is not one shred of evidence that the petitioner’s guilty pleas were not voluntarily and understandingly made as required by the Supreme Court in Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), other than his contradictory and naked assertions. Those bare allegations fall far short of the sufficiency of proof required for a writ of error coram nobis.
After carefully considering the arguments advanced by petitioner’s counsel we consider them to be without merit. The record fails to. reveal any evidence which would justify the granting of the requested writ. The trial court’s denial of the petition for writ of error coram nobis is thereby due to be affirmed.
AFFIRMED.
All Judges concur.