417 So.2d 579 (1982)
Ogie L. HAYES
v.
STATE.
3 Div. 468.
Court of Criminal Appeals of Alabama.
January 26, 1982.
On Return to Remand June 29, 1982.
Rehearing Denied July 27, 1982.
*580 L. Gilbert Kendrick, Montgomery, for appellant.
Charles A. Graddick, Atty. Gen., and William Dudley Motlow, Asst. Atty. Gen., for appellee.
BOWEN, Judge.
This is an appeal from the denial of a petition for writ of error coram nobis.
Hayes alleges that he was represented by incompetent counsel and was coerced into pleading guilty because his attorney told him he would receive a twenty year sentence with probation on a conviction for "first degree murder."
A petition meritorious on its face entitles the petitioner to a hearing on the merits. Henry v. State, 387 So.2d 328 (Ala. Cr.App.1980).
However, a petition for writ of error coram nobis may be denied without an evidentiary hearing where inexact conclusions are stated as grounds for the writ. Ex parte Phillips, 276 Ala. 282, 161 So.2d 485 (1964); Thomas v. State, 274 Ala. 531, 150 So.2d 387 (1963); Johnson v. Williams, 244 Ala. 391, 13 So.2d 683 (1943), or where the review court could have found that the grounds of the writ are unreasonable or false. Adams v. State, 281 Ala. 432, 203 So.2d 448 (1967); Ex parte Taylor, 249 Ala. 667, 32 So.2d 659 (1947).
"In passing upon the petition for writ of error coram nobis this court is in the exercise of a wise discretion and must look to the reasonableness of the allegations of the petition and to the existence of the probability of the truth thereof, and grant leave only when it appears that the proposed attack on the judgment is meritorious." Ex parte Taylor, 249 Ala. at 669, 32 So.2d 659.
In Taylor v. Alabama, 335 U.S. 252, 68 S.Ct. 1415, 92 L.Ed. 1935 (1948), the United States Supreme Court found that a court could constitutionally deny a writ of error coram nobis because it considered the facts alleged implausible. Taylor was followed and commented on in Ex parte Williams, 268 Ala. 535, 108 So.2d 454 (1959).
We note that the petition was denied by the same judge, the Honorable Perry O. Hooper, who accepted Hayes' plea of guilty. Since this judge denied Hayes' petition less than three months after the guilty plea was accepted, Judge Hooper may well have based such denial upon his own personal knowledge of the facts of the case. In view of this fact, we remand this cause to the circuit court with instructions that Judge Hooper either state his reasons for summarily denying the petition or afford the defendant an evidentiary hearing.
REMANDED WITH DIRECTIONS.
All the Judges concur.

*581 ON RETURN TO REMAND
BOWEN, Judge.
On remand to the circuit court an evidentiary hearing was held, following which the trial judge issued the following order.
"THE COURT: All right. Now, it is the conclusion of the Court, having heard the first trial which took a couple of days, and having heard the presentation by Mr. Heller at the guilty plea and the sentencing, and having known Mr. Heller a number of years as a lawyer, he is highly competent, and that he did an excellent job for the Defendant.
"Secondly, it is my conclusion that the Defendant understood his rights at the time of the sentence.
"It is the further conclusion of the Court that the Defendant knew that he would not get probation.
"Therefore, the Court denied the request for reduction of the sentence and the Court denies the Writ of Error Coram Nobis."
These findings are fully supported by the facts in the record.
The only evidence to support the defendant's allegation that he was coerced into pleading guilty because he "understood" and "thought" he was going to get probation is the defendant's own testimony. The testimony of the defendant's appointed trial counsel is in direct conflict with the contentions and testimony of the defendant.
Contained in the record is an "Ireland" form. Ireland v. State, 47 Ala.App. 65, 250 So.2d 602 (1971). At the hearing on remand, the defendant admitted signing this form but stated that he did not read it before he signed it: "Like I say, the only thing that I understood is that I would receive probation. That's the only thing that I understood."
On the second page of this Ireland form and one paragraph above the defendant's signature appears the following sentence printed in large capital letters: "I FULLY UNDERSTAND THAT THERE WILL BE NO AGREEMENT OF ANY KIND WITH THE DISTRICT ATTORNEY'S OFFICE IF I PLEAD GUILTY AND REQUEST PROBATION." This sentence is at the end of a paragraph which begins with a sentence which has been marked to indicate that the defendant is not applying for probation.
The defendant first learned that he did not get the sentence he thought he was going to get when the sentence was pronounced. No direct appeal was taken, the defendant testifying that he "didn't know" he could appeal.
In the search for truth in our judicial system and in the implementation of due process, the writ of error coram nobis serves a valuable role. Since its recognition in Johnson v. Williams, 244 Ala. 391, 394, 13 So.2d 683 (1943), the writ has served as a "remedy for one who claims that his incarceration is due to failure to observe that fundamental fairness essential to every concept of justice, even after a sentence has been duly affirmed by the highest court of the state." Johnson, 244 Ala. at 394, 13 So.2d 683. The writ serves a broad purpose.
"It lies to set aside a conviction obtained by duress or fraud, or when by some excusable mistake or ignorance of accused, and without negligence on his part, he has been deprived of a defense which he could have used at his trial, or where facts have been concealed at the trial which, if known, would have prevented a conviction, and the accused cannot at the time present such matter in a motion for a new trial, on appeal or other existing statutory proceeding .... We do not intend here to make a complete statement of all the circumstances when the writ will lie. But what is said serves to illustrate its broad purpose." Brown v. State, 250 Ala. 444, 446, 35 So.2d 518 (1948).
However, the writ of error coram nobis is often abused and its very purpose frustrated and perverted by that abuse. "Often such petitions are based upon assertions of alleged facts, which have originated in the fertile minds of cunning criminals." Wiman v. Argo, 308 F.2d 674 (5th Cir. 1962).

*582 "The petitioners take great comfort in the fact that no matter how frivolous their allegations or how utterly deficient their pleadings may be, the state must respond to these ofttimes unintelligible pleadings, letters or memorandums, and/or proceed to costly and time-consuming hearings. The petitioners have nothing to lose, for they know that the very least they can obtain is a day away from their prison surroundings." Cooper v. Wiman, 273 Ala. 699, 701, 145 So.2d 216 (1962).
In this case, the defendant, who pled guilty to first degree murder, has used the writ as a harlot, for his own purposes and without regard for the majesty of the writ itself and the dignity of the judicial system.
The judgment of the circuit court denying the defendant's petition for writ of error coram nobis is affirmed.
OPINION EXTENDED; AFFIRMED.
All Judges concur.