This is an appeal from the denial of a petition for writ of error coram nobis. In Hoppins v. State, 337 So.2d 134
(Ala.Cr.App. 1976), this Court affirmed Hoppins' conviction of robbery.
 I Johnson v. Williams, 244 Ala. 391, 395, 13 So.2d 683 (1943), made it perfectly clear that an attack on the jury venire not urged at trial or on appeal could not be raised for the first time on petition for writ of error coram nobis, since petitioner had "waived" any objection to venire by his failure to object. If this were not the rule "no skilled lawyer would ever attempt to raise such question until after conviction."Vernon v. State, 240 Ala. 577, 581, 200 So. 560 (1941). A contrary doctrine would "reduce the trial of a defendant charged with crime to a mere game of chance, and make a mockery of the courts." Johnson, 244 Ala. at 395, 13 So.2d 683. See also Morris v. Sullivan, 497 F.2d 544 (5th Cir. 1974); Ellisonv. State, 410 So.2d 130 (Ala. 1982); Williams v. State,343 So.2d 1328 (Ala. 1977); Hamilton v. State, 283 Ala. 660, 662,220 So.2d 267 (1969); Warden v. State, 274 Ala. 720,145 So.2d 815 (1962); Ex parte Seals, 271 Ala. 622, 623, 126 So.2d 474
(1961); Taylor v. State, 249 Ala. 667, 669, 32 So.2d 659
(1947); Redus v. Williams, 244 Ala. 459, 461, 13 So.2d 561
(1943); Summers v. State, 366 So.2d 336, 340 (Ala.Cr.App. 1978), cert. denied, Ex parte Summers, 366 So.2d 346 (Ala. 1979); Senn v. State, 43 Ala. App. 323, 189 So.2d 870 (1966);Horsley v. State, 42 Ala. App. 567, 172 So.2d 56 (1965); Statev. Willis, 42 Ala. App. 414, 166 So.2d 917 (1964). To the same effect see Thigpen v. State, 374 So.2d 401, 405 (Ala.Cr.App.), cert. quashed, 374 So.2d 406 (Ala. 1979); Thigpen v. State,372 So.2d 385, 387 (Ala.Cr.App.), cert. denied, Ex parte Thigpen,372 So.2d 387 (Ala. 1979), cert. denied, 444 U.S. 1026,100 S.Ct. 690, 62 L.Ed.2d 660 (1980).
 II
Hoppins alleges that his trial counsel was ineffective because he did not file a motion to quash the jury venire and was not aware that the constitutionality of the jury selection process in Mobile County was the subject of continuing litigation.
In Preston v. Mandeville, 428 F.2d 1392, 1394 (5th Cir. 1970), the Fifth Circuit Court of Appeals found that the "disparity in the circumstances" of the jury selection process in use in Mobile County "made out a prima facie case of discrimination based on race." See also Preston v. Mandeville,479 F.2d 127 (5th Cir. 1973); Malloy v. State, 357 So.2d 671
(Ala.Cr.App.), cert. denied, 357 So.2d 674 (Ala. 1978); Griffinv. State, 356 So.2d 723 (Ala.Cr.App.), cert. denied, Ex parteGriffin, 356 So.2d 728 (Ala. 1978).
Hoppins' trial counsel testified that he did not file a motion to quash the grand or the petit jury because he "didn't have any reason to at that time." He testified that even if he had been aware of Preston v. Mandeville, he "may or may not" have filed a motion to quash: "There were some cases, . . . when I didn't file the motion, although I could have, because I thought that the jury venire would be better handling that case at that particular time. So, there were a couple of times that I chose not to even file a motion to quash."
In Malloy, 357 So.2d at 674, even though this Court found it "inconceivable" that, in 1977, an experienced trial counsel would not have been aware of the federal litigation concerning the jury selection process, it recognized that "(f)ailing to file a motion to quash the jury venire prior to trial could well have been trial strategy."
Hoppins' trial counsel was not shown to be ineffective when judged by the "norms *Page 1127 
of representation prevailing at the time of counsel's action."Hubbard v. State, 382 So.2d 577, 585 (Ala.Cr.App. 1979), affirmed, Ex parte Hubbard, 382 So.2d 597 (Ala. 1980), set aside on other grounds, 405 So.2d 695 (Ala. 1981). Counsel testified that the "Mobile Criminal Bar Association became aware of the unconstitutional practice" of jury selection in that county "(a)fter the trial of Glennon Hoppins."
The Assistant District Attorney stated that "this whole thing broke open" when the parties entered into a consent decree in April of 1977 that "the jury list presently being used in Mobile County, Alabama, shall no longer be used for the selection of juries." Malloy, 357 So.2d at 673. This evidence did not clearly and convincingly satisfy the court on the merits and allegations of the petition. Summers, 366 So.2d at 343.
In this state, the minimum standard of competence and efficacy is the "mockery of justice rule." Taylor v. State,291 Ala. 756, 760, 287 So.2d 901 (1973); McKinnis v. State,392 So.2d 1266, 1269 (Ala.Cr.App. 1980), cert. denied, Ex parteMcKinnis, 392 So.2d 1270 (Ala. 1981).
 "(T)he rule in this State is that, in order to have a conviction reversed because of incompetent counsel, a defendant must show that the representation by counsel was only perfunctory, that the conduct of the attorney reduced the trial to a farce, sham, or mockery of justice, or that the representation shocks the conscience of the court." Bridges v. State, 391 So.2d 1086, 1091 (Ala.Cr.App. 1980).
The Sixth Amendment does not require errorless counsel or counsel judged ineffective by hindsight. Haggard v. Alabama,550 F.2d 1019, 1022 (5th Cir. 1977).
Our finding on Hoppins' original appeal precludes any determination that trial counsel's conduct reduced the trial to a mockery of justice. In Hoppins, 337 So.2d at 137, we noted:
 "Furthermore, no point is made on appeal, wherein defendant is represented by appointed counsel, to the effect that the employed counsel did not adequately represent him at the trial. Even so, we have examined the record, in consideration of the question, and find no basis for any reasonable contention that he was without adequate representation."
On the adequacy of defense counsel's representation regarding a defendant's right to and the incidents of a jury trial see Annot., 3 A.L.R.4th 601 (1981).
Applying a different standard for the conduct of lawyers, Hoppins did not show "that reasonably competent lawyers rendering similar services under existing circumstances would have filed a motion to quash the jury panel." Benson v. State,611 S.W.2d 538, 544 (Mo.App. 1980).
Our review of this record convinces us that Hoppins did not carry his heavy burden of proving the ineffectiveness of counsel and of supporting the allegations of his petition with evidence.
The judgment of the circuit court denying Hoppins' petition for writ of error coram nobis is affirmed.
AFFIRMED.
All Judges concur.